PIERCE, Judge.
This is an interlocutory appeal by Charles Tiseo, Jr., plaintiff below, from an order granting a motion to dismiss his complaint against appellee Arthur L. Arnold, defendant below, with leave to amend.
In his complaint, Tiseo alleged in substance that Arnold had breached an oral contract between the parties by refusing to rebate or account to Tiseo part of certain commissions received by Arnold in connection with the sale of a parcel of real estate which was being purchased by the parties jointly. Arnold moved to dismiss the complaint, which motion was granted by the trial Court. Although given leave by the Court so to do, Tiseo elected not to amend, and instead appealed to this Court from the order aforesaid.
The motion to dismiss contained four grounds, viz: (1) that the complaint did *22 “not affirmatively allege possession of a real estate license” on the part of Tiseo, (2) that the complaint did “not allege any consideration” for the agreement to rebate, (3) that under the laws of Florida the agreement as alleged was void and unenforceable “as being against public policy”, and (4) that Tiseo had signed a voluntary “release of any liability” on the part of Arnold. In support of ground (4), copy of a purported release was attached to the motion. None of the grounds stated is sufficient to warrant dismissing the complaint.
The agreement between the parties was not such as to make possession of a real estate license under Chapter 475 essential on the part of Tiseo. And even if it had been so essential, the lack of such license would be an affirmative defense to be set up by defendant Arnold. Secondly, the consideration for the contract was the purchase of the subject property jointly by the parties, with the defendant making a sizeable commission. Also, the complaint alleges no facts upon which it would necessarily follow, or even be inferred, that the contract between the parties here was illegal or against public policy. Lastly, the ground as to a release of liability, even if true, would be distinctly an affirmative defense, inasmuch as the complaint alleges nothing about any such release.
All of the grounds set forth, especially the fourth ground, partake of matter that would be appropriate only as affirmative defenses on the part of defendant Arnold. Where the motion to dismiss alleges affirmatively facts outside the scope of the allegations of the complaint, it assumes the office of the old-time “speaking demurrer”, which, like the antiquated “demurrer to the evidence”, has long since been discarded as a vehicle of modern judicial procedure, however hallowed in rich tradition.
The motion to dismiss the complaint should have been denied, so the order appealed must be reversed, with directions that defendant Arnold file his further defenses, if he so desires, within twenty days from the filing in the Court below of our mandate of reversal.
Reversed and remanded.
HOBSON, C. J., and McNULTY, J., concur.