297 So.2d 843 (1974)
SEABOARD COAST LINE RAILROAD COMPANY, a Corporation, Appellant,
v.
Thomas C. BROWN and Cargill, Inc., Appellees.
No. 73-911.
District Court of Appeal of Florida, Second District.
July 24, 1974.
*844 Michael N. Brown of Allen, Dell, Frank & Trinkle, Tampa, for appellant.
H. Vance Smith of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellees.
MANN, Chief Judge.
Brown, an employee of the Seaboard Coast Line Railroad, sued his employer after a boxcar door fell on his legs, alleging that the injury occurred "by reason of the negligence of the defendant and its violation of the Federal Employers' Liability Act of the United States in failing and neglecting to provide plaintiff with a reasonably safe place to work and reasonably safe equipment on which to work." Seaboard in turn filed a third party complaint against Cargill, alleging that Cargill loaded the boxcar and that its negligence in doing so caused the door to fall on Brown. The third party complaint alleges that Cargill's negligence "was the sole proximate cause of Plaintiff's alleged injuries or contributed with the negligence of Plaintiff which resulted in the alleged accident." It went on to deny negligence on the part of the railroad, but asserted that if the railroad be found negligent "such negligence would only be passive in nature in this action and therefore" the railroad would be "vicariously or secondarily liable." It further asserted that "Any negligence of Industry to Plaintiff is active and primary," and sought indemnification. The trial judge dismissed the third party complaint in an order which "finds that the Third Party Complaint fails to state a cause of action against the Third Party Defendant, Cargill, Inc., in that it affirmatively appears from the Complaint herein that the Third Party Plaintiff, Seaboard Coast Line Railroad Company, is charged with active negligence by the Plaintiff, barring Defendant, Seaboard Coast Line Railroad Company, from recovering indemnity from Third Party Defendant, Cargill, Inc., as a matter of law."
We do not agree that Brown's complaint against Seaboard alleges active negligence as distinguished from the sort of slight breach of duty which will support a FELA action.[1] This mistake is beside the point. Rule 1.180 allows the original defendant to place his own characterization upon the events. "The third party defendant may also assert any claim against the third party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third party plaintiff ..." The purpose of the rule is to settle the controversy in a single action, and it would be unfair to the defendant-third party plaintiff to confine it to the version of the facts asserted by the plaintiff in the first instance.
Reversed and remanded.
McNULTY and GRIMES, JJ., concur.
NOTES
[1] The Supreme Court of Florida has treated this subject recently in a comprehensive opinion by Mr. Chief Justice Adkins, Adams v. Seaboard Coast Line Railroad, Fla. 1974, 296 So.2d 1.