309 So.2d 44 (1975)
ARMOR ELEVATOR COMPANY, INC., a Delaware Corporation, Appellant,
v.
ELEVATOR SALES & SERVICE, INC., a Florida Corporation and Consolidated Mutual Insurance Company, a New York Corporation, Appellees.
No. 74-435.
District Court of Appeal of Florida, Third District.
February 18, 1975.
Rehearing Denied March 26, 1975.
*45 Papy, Levy, Carruthers & Poole, Coral Gables, and Steven J. Cohen, Miami, for appellant.
Fuller, Brumer, Moss, Cohen & Rodgers, Horton, Perse & Ginsberg, Miami, for appellees.
Before PEARSON, HENDRY and NATHAN, JJ.
PEARSON, Judge.
Armor Elevator Company, Inc., has brought this appeal from a summary final judgment entered for certain third party defendants who are the appellees here. Armor was sued in a wrongful death action by Juanita Wood as the surviving spouse of Henry Wood, deceased. Thereafter, Armor, as third party plaintiff, brought a third party complaint seeking indemnity against Elevator Sales & Service, Inc., and its insurer. After answer, the third party defendants moved for a summary judgment upon the ground that the third party complaint was not a proper action for indemnity under the facts of the case. The summary judgment was entered and this appeal followed.
Because this is an appeal from a summary judgment, the party moved against, in this case Armor, is entitled to have the facts before the trial judge viewed with the benefit of all inferences against the motion. Humphrys v. Jarrell, Fla.App. 1958, 104 So.2d 404 and cases cited therein. Therefore, we adopt the following statement of facts from appellant's brief.

* * * * * *
"The Deceased, Henry Wood, was killed on March 25, 1970, and the complaint for damages was filed April, 1971, against Armor for wrongful death based on the alleged negligent design of a certain elevator manufactured by Armor. On May 2, 1973, an order was entered granting Armor its motion for leave to file a third-party complaint against Elevator for indemnity and for the active negligence of Elevator in installing the elevator which is the basis of the original complaint. Elevator's motion to dismiss the third-party complaint was denied on July 6, 1973, and said Third-party defendant was required to answer. Elevator's motion for summary judgment was filed on September 19, 1973, but was not noticed for hearing until Friday, February 8, 1974, just two days before the hearing was set on the motion for Monday morning just before trial was scheduled to commence. On the morning of February 11, 1974, just before the trial was to commence, summary judgment was granted in favor of Elevator against Armor before starting the trial on the original complaint. On February 19, 1974, Elevator filed its motion for relief pursuant to Rule 1.540, which motion was not heard or ruled on by the court. This appeal arises from the court's order granting final summary judgment in favor of Elevator against Armor.
"The decedent, Henry Wood, was an elevator mechanic employed by Elevator and was the foreman in charge of installing an elevator manufactured by Armor and sold to Elevator. Armor had nothing whatsoever to do with the installation of the elevator, it merely sold and shipped an elevator manufactured by it to Elevator.
"During the early part of constructing the elevator shaft and installing the elevator, the decedent Henry Wood and several Elevator employees were attempting to raise an elevator platform in *46 a partially constructed elevator shaft to the top of an eleven story condominium with a chain hoist. The platform fell as Henry Wood attempted to step on the cross-head on top of the platform in the shaft and re-attach another chain hoist to the cross-head."
* * * * * *
The appellant has presented several points on appeal but we think the controlling point is presented under Point 1, which is:
"There are genuine issues of material fact as to whether or not Armor has a cause of action for indemnity against Elevator based on the passive-active negligence theory of law."
We hold that upon the facts of this case, which appear without genuine issue, that Armor does not have a cause of action for indemnity against Elevator Sales & Service. We base this holding upon our conclusion that the third party complaint attempts to show that Elevator Sales & Service was guilty of active negligence and does not allege that Armor was sought to be held liable to the plaintiff for secondary or passive negligence. We believe that our decision is supported by the holdings in Seaboard Air Line Ry. Co. v. American District Electric Protective Co., 106 Fla. 330, 143 So. 316 (1932); Winn-Dixie Stores, Inc. v. Fellows, Fla.App. 1963, 153 So.2d 45; and Florida Power & Light Co. v. General Safety Equipment Co., Fla. App. 1968, 213 So.2d 486. The Seaboard and the Winn-Dixie opinions were discussed and applied by the United States Court of Appeals, Fifth Circuit, in General Dynamics Corporation v. Adams, 340 F.2d 271 (5th Cir.1965).
As we understand the principle applied, it is that where a defendant is sued as an active tort-feasor, that defendant cannot claim indemnification from a third party upon his claim that the third party also owed a duty to the injured party and that the third party was also actively negligent. To allow this type of third party claim would in fact be more than contribution between tort-feasors and would amount to indemnification of one tort-feasor by another. In the case now before us, it is clear, and the appellant so states, that the complaint against it was for active negligence in the improper manufacture of an elevator. In substance, Armor says that it was not this active negligence that caused the death of Mr. Wood but that it was another active negligence, that is, the active negligence of Elevator Sales & Service in improperly installing the elevator. Such a pleading consists of an avoidance without a confession and as such was subject to dismissal. Therefore, no error appears upon the entry of summary judgment for the defendants therein.
Since we have determined that the court properly entered summary judgment because the third party complaint was not proper for consideration in the cause, it is unnecessary to discuss any of the other points raised by appellant since they go to matters of procedure and other possible grounds for reversing the summary judgment.
Affirmed.