316 So.2d 579 (1975)
CENTRAL TRUCK LINES, INC., et al., Appellants,
v.
WHITE MOTOR CORPORATION, Appellee.
Nos. 74-1489, 74-1499.
District Court of Appeal of Florida, Third District.
July 15, 1975.
Walton, Lantaff, Schroeder, Carson & Wahl and Ray B. Gonas, Miami, for appellants.
Welsh & Carroll, Talburt, Kubicki & Bradley and Robert J. Dickman, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and NATHAN, JJ.
NATHAN, Judge.
This is the consolidation of an appeal and a petition for writ of certiorari seeking review of an order of the trial court granting the motion of White Motor Corporation, the third party defendant, to dismiss a third party complaint filed against it by defendants, third party plaintiffs, Central Truck Lines, Inc., and Walter *580 Conner, Jr., and an amended order dismissing the third party complaint with prejudice, reciting that Central Truck Lines, Inc., and Walter Conner, Jr., take nothing by their third party complaint, and that third party defendant, White Motor Corporation go hence without delay. In this opinion, we shall treat the matters raised in both the certiorari and the appeal as a full appeal from the amended order of dismissal with prejudice.
The plaintiff filed an action for damages in the trial court alleging that defendant Conner negligently drove the semi-trailer tractor vehicle owned by defendant, Central Truck Lines, in such a manner as to cause a collision between it and the motor vehicle operated by the decedent. In their answer, Conner and Central Truck Lines averred to be without knowledge of such allegations. Subsequently, they filed a third party complaint against White Motor Corporation, alleging that White manufactured and sold the semi-trailer tractor vehicle to Central Truck Lines, and alleging active negligence by White in the manufacture and design of the electrical system in the vehicle, as well as breach of duties and breach of warranties. White filed a motion to dismiss the third party complaint, stating that "... a tort feasor charged with active negligence may not cross-claim against the manufacturer of the equipment that is alleged to be defective." The trial court entered an order granting the motion to dismiss and then entered an amended order dismissing the third party complaint with prejudice.
The precise question now before us is whether the defendant is "locked in" by an allegation in the plaintiff's complaint that the defendant is the active tort feasor, thus precluding the defendant from alleging in a third party complaint that he is but a passive tort feasor and that the third party defendant is the active tort feasor and defeating the maintenance of a third party claim in the same action. We think not.
The general purpose of third party practice is to avoid two actions which should be tried together in order to save the time and expense involved in duplication of evidence, to obtain consistent results from identical or similar evidence and to do away with the serious handicap to a defendant of a time difference between a judgment against him and a judgment in his favor against the third party defendant. 3 Moore's Federal Practice, Third Party Practice § 14.04. Also see Authors' Comment to Rule 1.180, RCP.
Third party defendant White points to our decision in Armor Elevator Company, Inc. v. Elevator Sales and Service, Inc., Fla.App. 1975, 309 So.2d 44, wherein we affirmed the trial court's dismissal of a third party complaint. We distinguish that case, however, since the defendant elevator manufacturer did not allege in its third party complaint that it was merely guilty of secondary or passive negligence rather than active negligence. We find the result reached in Seaboard Coast Line Railroad Company v. Brown, Fla.App. 1974, 297 So.2d 843, to be applicable to the instant situation. In that case it was held that Rule 1.180, RCP, allows the defendant, third party plaintiff, charged with active negligence in the original complaint to place his own characterization upon the events and maintain a third party claim alleging active negligence on the part of a third party defendant and only passive negligence, if any, on his own part. "The purpose of the rule is to settle the controversy in a single action, and it would be unfair to the defendant-third party plaintiff to confine it to the version of facts asserted by the plaintiff in the first instance." Seaboard v. Brown, supra, page 844. We, thus, receded from our holding in Florida Power and Light Company v. General Safety Equipment Company, Fla.App. 1968, 213 So.2d 486, wherein this court affirmed the dismissal by the trial court of third party complaints alleging negligence in the manufacturer and assembly of equipment and *581 failure to inspect and warn of defects, for the reason that the original complaint did not allege negligence through defective equipment.
Accordingly, the trial court's order dismissing the third party complaint with prejudice is hereby reversed and the third party complaint is reinstated.
Reversed with directions.