321 So.2d 624 (1975)
CRAWFORD DOOR SALES COMPANY, INC. and Catawba Insurance Company, Appellants,
v.
James P. DONAHUE, Jr. and Marion Donahue, His Wife, et al., Appellees.
No. 75-634.
District Court of Appeal of Florida, Second District.
September 17, 1975.
On Rehearing October 29, 1975.
William A. Post, Bradham, Lyle, Skipper & Cramer, St. Petersburg, for appellants.
James B. Thompson, Fowler, White, Gillen, Boggs, Villareal & Banker, St. Petersburg, for appellees.
PER CURIAM.
Affirmed. See Armor Elevator Company, Inc. v. Elevator Sales & Service, Fla.App.3d 1975, 309 So.2d 44.
HOBSON, Acting C.J., and BOARDMAN and SCHEB, JJ., concur.

ON PETITION FOR REHEARING
HOBSON, Acting Chief Judge.
Appellant, Crawford Door Sales Company, Inc. (Crawford) brings this interlocutory appeal to review an order dismissing with prejudice its cross-claim against North American Door Company (North American). Although Crawford filed this appeal as an interlocutory appeal, we will treat it as a full appeal as the order of dismissal was with prejudice and was a final order as to Crawford and North American.
The plaintiffs, Donahues, filed an action for damages in the trial court alleging *625 that defendant Crawford negligently installed a door, which negligence caused the door to fall and injure the plaintiff wife. The plaintiffs also joined North American as a defendant, alleging that it negligently manufactured the door, causing the door to fall and injure the plaintiff wife. Crawford filed its answer denying all allegations against it of negligence. Combined with its answer, Crawford filed a cross-claim against North American alleging that North American was guilty of active and primary negligence which was the sole, direct and proximate cause of injuries or damages claimed by the plaintiffs and prayed for indemnification. Crawford also cross-claimed against North American for indemnification under the theory of implied warranty. The trial court entered an order granting with prejudice North American's motion to dismiss the cross-claim.
This question has recently been ruled upon by our sister court in Central Truck Lines, Inc. v. White Motor Corp., Fla.App.3d 1975, 316 So.2d 579, wherein it was held:
"The precise question now before us is whether the defendant is `locked in' by an allegation in the plaintiff's complaint that the defendant is the active tort feasor, thus precluding the defendant from alleging in a third party complaint that he is but a passive tort feasor and that the third party defendant is the active tort feasor and defeating the maintenance of a third party claim in the same action. We think not.
"The general purpose of third party practice is to avoid two actions which should be tried together in order to save the time and expense involved in duplication of evidence, to obtain consistent results from identical or similar evidence and to do away with the serious handicap to a defendant of a time difference between a judgment against him and a judgment in his favor against the third party defendant."
* * * * * *
"... We find the result reached in Seaboard Coast Line Railroad Company v. Brown, Fla.App. 1974, 297 So.2d 843, to be applicable to the instant situation. In that case it was held that Rule 1.180, RCP, allows the defendant, third party plaintiff, charged with active negligence in the original complaint to place his own characterization upon the events and maintain a third party claim alleging active negligence on the part of a third party defendant and only passive negligence, if any, on his own part. `The purpose of the rule is to settle the controversy in a single action, and it would be unfair to the defendant-third party plaintiff to confine it to the version of facts asserted by the plaintiff in the first instance.' Seaboard v. Brown, supra, page 844."
We agree with the Central Truck Lines opinion and, accordingly, reverse the order dismissing the cross-claim of Crawford with prejudice and reinstate it.
Reversed with directions.
BOARDMAN and SCHEB, JJ., concur.