OWEN, Judge.
Defendant/third-party plaintiff appeals an order dismissing with prejudice its third-party complaint against appellee— Charles S. McAlpine.
The plaintiff alleged that it was appellant’s active negligence which was the proximate cause of plaintiff’s injuries. However, appellant was at liberty to place its own characterization upon the events and to maintain a third-party claim alleging active negligence on the part of a third-party defendant and only passive negligence, if any, on its own part as the proximate cause of the plaintiff’s injuries. Central Truck Lines, Inc. v. White Motor Corporation, 316 So.2d 579 (Fla.App.3rd 1975). The third-party complaint here met that test, and appellant’s settlement with the plaintiff under a so-called “Mary Carter Agreement” would not preclude appellant from seeking indemnification by means of the third-party complaint. The order of dismissal was in error and is reversed.
While this disposition of the case renders moot the remaining two points on appeal, we have nonetheless considered them and find both to be without merit.
Reversed and remanded.
DOWNEY, J., and MORROW, RUSSELL O., Associate Judge, concur.