386 So.2d 70 (1980)
BROWARD MARINE, INC., Appellant,
v.
NEW ENGLAND MARINE CORPORATION OF DELAWARE, Bendix Corporation, Cummins Engine Company, Inc. and Dayton Electric Manufacturing Company, Appellees.
No. 78-1953.
District Court of Appeal of Florida, Second District.
July 30, 1980.
*71 Thomas D. Lardin of Weaver & Weaver, P.A., Fort Lauderdale, for appellant.
William F. McGowan, Jr. of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for appellee Bendix Corp.
H. Vance Smith of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellee Cummins Engine Co., Inc.
Nathaniel G.W. Pieper of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellee Dayton Electric Manufacturing Co.
HOBSON, Acting Chief Judge.
Appellant Broward Marine, Inc. (Broward) appeals a final judgment dismissing with prejudice its crossclaims for indemnity and contribution against Bendix Corporation (Bendix), Cummins Engine Co., Inc. (Cummins), and Dayton Electric Manufacturing Co. (Dayton). We reverse.
New England Marine Corporation (New England) filed a complaint against Broward, Bendix, Cummins and Dayton on behalf of itself and its insurer. The complaint alleged that Broward manufactured and was the retail seller of the yacht Spare Time which was equipped with an air compressor manufactured by Cummins, and further equipped with an air regulating valve manufactured by Bendix. The compressor and valve were sold and supplied to Broward by Cummins. Further, the yacht was equipped with an air receiver tank manufactured by Dayton. The complaint further alleged that all defendants breached their express and implied warranties of merchantability and fitness for a particular purpose and that, as a result, the air receiver tank exploded, causing damage to the yacht.
Broward filed an answer to the complaint and crossclaims against Bendix, Cummins and Dayton. The crossclaims alleged that Broward's liability was vicarious, while the liability of the other defendants was active, and demanded indemnity and/or contribution.
New England subsequently reached a settlement with Bendix, Cummins and Dayton, by the terms of which each of these three defendants agreed to pay New England $2,000 and New England agreed to give each defendant a complete release from all liability arising from the lawsuit. In the same instrument, New England released Broward from all claims arising out of
possible passive negligence based on defects in the design or manufacture of air receiving system or any component parts thereof, including the air receiving tank, the air regulating valve, the air compressor, or their component parts manufactured and supplied by... [Bendix, *72 Cummins and Dayton] and installed aboard THE SPARE TIME at the time of the vessel's manufacture by Broward Marine, Inc. insofar as Broward Marine, Inc. could or might be entitled to maintain an indemnity action over against either The Bendix Corporation, Cummins Engine Co., Inc. or Dayton Electric Manufacturing Co. The parties to this Release do not intend to release Broward Marine, Inc. from the consequences of its own active negligence or defective design nor from liability it might have because of the acts, omissions, negligence or defective products of persons or companies not a party to or within the terms of this Release. [emphasis ours]
New England subsequently filed an amended complaint solely against Broward, claiming that the yacht manufactured by Broward was negligently designed and asking in excess of $25,000 damages. Broward answered and filed an amended crossclaim for indemnification and contribution against Bendix, Cummins and Dayton.[1]
The third-party defendants and New England filed motions to dismiss the crossclaim.[2] At the motion hearing, New England's counsel stated that its amended complaint sought damages only for active negligence against Broward. The trial court entered an amended order dismissing Broward's crossclaims with prejudice and stating:

Having advised the Court that the Plaintiff's Amended Complaint only seeks damages for any active negligence on the part of the Defendant, BROWARD MARINE, INC., and the Court having heard argument of counsel, it is
ORDERED, ADJUDGED and DECREED that the Crossclaims of the Defendant, BROWARD MARINE, INC., against the Defendants, the BENDIX CORPORATION, CUMMINS ENGINE COMPANY, and DAYTON ELECTRIC MANUFACTURING CO., be and the same are hereby dismissed, with prejudice, and it is further
ORDERED, ADJUDGED and DECREED that the Defendant, BROWARD MARINE, INC., is entitled, as a setoff, to the benefit of any consideration received by the Plaintiff, NEW ENGLAND MARINE CORPORATION OF DELAWARE, from the Defendants, the BENDIX CORPORATION, CUMMINS ENGINE COMPANY, and DAYTON ELECTRIC MANUFACTURING COMPANY as reflected in that Release dated May 25, 1978, which is on file and that at the appropriate time said consideration will be setoff from any recovery Plaintiff may obtain from the Defendant...
[emphasis ours]
Broward correctly argues that the trial court committed reversible error in looking beyond the four corners of the crosscomplaint when it ruled on the motions to dismiss. The court's order to dismiss was based on: 1) the release executed between New England and Bendix, Cummins and Dayton (contribution), and 2) the fact that New England's amended complaint sought *73 damages based solely on Broward's active negligence (indemnity).
The law is clear, and New England concedes, that a court may not go beyond the four corners of a complaint to test the legal sufficiency of its allegations. As our sister court stated in Reed v. Sampson, 349 So.2d 684 (Fla.4th DCA 1977):
Where a motion to dismiss a complaint rests on facts outside the scope of the allegations contained in the complaint, the trial court commits reversible error in dismissing the complaint based on these extraneous matters. Tiseo v. Arnold, 237 So.2d 21 (Fla.2d DCA 1970).
340 So.2d at 685. The crosscomplaint, standing alone, is sufficient to state a cause of action on the theories of contribution and indemnity.
As to contribution, the final order of dismissal obviously relied, at least in part, on the executed release which was filed with the court by New England and mentioned in each of the motions to dismiss. Moreover, as this court stated in Tiseo v. Arnold, "the ground as to release of liability ... would be distinctly an affirmative defense, inasmuch as the complaint alleges nothing about any such release." Tiseo at 22.
As to indemnity, the fact that the amended complaint only sought damages for active negligence on the part of Broward is not a ground for dismissing Broward's crossclaims.
In Central Truck Lines, Inc. v. White Motor Corp., 316 So.2d 579 (Fla.3d DCA 1975), it was held:
The precise question now before us is whether the defendant is `locked in' by an allegation in the plaintiff's complaint that the defendant is the active tort feasor, thus precluding the defendant from alleging in a third party complaint that he is but a passive tort feasor and that the third party defendant is the active tort feasor and defeating the maintenance of a third party claim in the same action. We think not.
The general purpose of third party practice is to avoid two actions which should be tried together in order to save the time and expense involved in duplication of evidence, to obtain consistent results from identical or similar evidence and to do away with the serious handicap to a defendant of a time difference between a judgment against him and a judgment in his favor against the third party defendant. 3 Moore's Federal Practice, Third Party Practice § 14.04. Also see Authors' Comment to Rule 1.180, RCP.
Third party defendant White points to our decision in Armor Elevator Company, Inc. v. Elevator Sales and Service, Inc., Fla.App. 1975, 309 So.2d 44, wherein we affirmed the trial court's dismissal of a third party complaint. We distinguish that case, however, since the defendant elevator manufacturer did not allege in its third party complaint that it was merely guilty of secondary or passive negligence rather than active negligence. We find the result reached in Seaboard Coast Line Railroad Company v. Brown, Fla.App. 1974, 297 So.2d 843, to be applicable to the instant situation. In that case it was held that Rule 1.180, RCP, allows the defendant, third party plaintiff, charged with active negligence in the original complaint to place his own characterization upon the events and maintain a third party claim alleging active negligence on the part of a third party defendant and only passive negligence, if any, on his own part. `The purpose of the rule is to settle the controversy in a single action, and it would be unfair to the defendant-third party plaintiff to confine it to the version of facts asserted by the plaintiff in the first instance.' Seaboard v. Brown, supra, page 844.
316 So.2d at 580. See Crawford Door Sales Co., Inc. v. Donahue, 321 So.2d 624 (Fla.2d DCA 1975).
REVERSED and REMANDED for further proceedings.
OTT, J., concurs.
GRIMES, J., concurs specially with opinion.
*74 GRIMES, Judge, concurring specially.
In essence, the crossdefendants' position with respect to indemnity fails on this appeal for the same reason as their argument concerning contribution. It is premised in part upon New England's release of Broward for claims based on passive negligence; yet, the release was not properly before the court on the motions to dismiss.
Assuming the release is valid, however, I see no reason why Broward's crossclaims should not ultimately be dismissed. Under Section 768.31(5)(b), Florida Statutes (1977), Broward could not make a claim for contribution against the settling tortfeasors. Likewise, New England could only recover against Broward for active negligence, and if Broward was actively negligent, I cannot see how its claims for indemnity on either theory could be sustained. See Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla. 1979).
NOTES
[1] The amended crossclaim sought contribution based on the premise that if Broward were negligent at all, its negligence concurred with that of the other defendants and that, therefore, all defendants were joint tortfeasors and each should be liable only for its pro rata share of the judgment based upon its relative degree of fault. The amended crossclaim sought indemnity on two theories. First, that Broward's negligence, if any, was passive, while the negligence of the other defendants was active. Second, Broward alleged that under the Uniform Commercial Code, Cummins, Bendix and Dayton were liable to Broward by virtue of their breaches of warranty of merchantability and fitness for a particular purpose in the sale or installation of the compressor and component parts.
[2] The motions to dismiss filed by Cummins, Bendix and Dayton claimed that Broward's negligence was active, thereby barring recovery, and that the crosscomplaint did not show that the co-defendants had a common liability to New England unextinguished by the release.

New England filed its motion to dismiss and set forth the additional assertion that a release had been executed by New England in favor of all defendants and that the release was contingent upon the court dismissing Broward's crosscomplaint. New England filed a copy of the executed release with the court.