450 So.2d 901 (1984)
JULIEN P. BENJAMIN EQUIPMENT COMPANY, Appellant,
v.
BLACKWELL BURNER COMPANY, Appellee.
No. 83-2349.
District Court of Appeal of Florida, Third District.
May 29, 1984.
*902 Gerald E. Rosser, Miami, for appellant.
Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane and Shelley H. Leinicke, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and BASKIN, JJ.
SCHWARTZ, Chief Judge.
The trial court dismissed a third-party indemnity action brought by the appellant, Julien P. Benjamin Equipment Company, which had been sued for personal injuries as the distributor of an allegedly defective product, against the appellee, Blackwell Burner Company, the manufacturer of the product. We reverse on the holdings that, contrary to Blackwell's contentions, neither the manufacturer's settlement of a prior action brought against it by the same plaintiff, Rebhan Leasing Corp. v. Trias, 419 So.2d 352 (Fla. 3d DCA 1982), rev. denied, 427 So.2d 738 (Fla. 1983), nor the fact that the plaintiff's complaint in this case alleges only active negligence by the distributor,[1]Seaboard Coast Line R. Co. v. Brown, 297 So.2d 843 (Fla.2d DCA 1974), precludes the maintenance of the indemnity claim on the presently asserted ground that the distributor's liability, if any, arises only vicariously for a defect created in the product by the manufacturer. Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla. 1979); Pender v. Skillcraft Industries, Inc., 358 So.2d 45 (Fla. 4th DCA 1978).
Reversed.
NOTES
[1] Such a finding as the basis for liability would of course make indemnity unavailable as a matter of law. Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla. 1979).