670 So.2d 1020 (1996)
SAFECARE MEDICAL CENTER, Appellant,
v.
Donald C. HOWARD, D.O., Appellee.
No. 95-0651.
District Court of Appeal of Florida, Fourth District.
February 28, 1996.
*1021 Matthew D. Klein and Darlene Stosik of Klein, Tannen & Cohen, P.A., Hollywood, for appellant.
Thomas A. Conrad of Heller & Conrad, P.A., Hollywood, for appellee.
GROSS, Judge.
Safecare Medical Center appeals the dismissal of its indemnity action against its employee. Because prior litigation established that the employee's settlement with the injured party had completely eliminated the potential of Safecare being held vicariously liable for the employee's negligence, we affirm.
In 1988, Gretel Loeb filed a medical malpractice action against physician Donald Howard and his employer, Safecare Medical Center. The complaint alleged that Howard negligently failed to diagnose and treat her stomach cancer. Safecare was sued under two theoriesthat it was vicariously liable for the negligence of Howard and that it committed negligent acts of its own, unrelated to the conduct of Howard. Loeb settled her claims against Howard for $150,000, signing a release in his favor.
After Loeb died, the personal representative of her estate continued to prosecute what had become a wrongful death action against Safecare. Safecare moved for summary judgment, claiming that the legal effect of Howard's release was to exonerate it from liability and that it was entitled to a set-off for the Howard settlement. The trial court denied summary judgment as to the release, but granted it on the set-off issue. On appeal, this court did not reach the trial court's ruling on the release because the estate conceded that Howard's release precluded the medical center from being held vicariously liable for his actions.
The Estate concedes that it is not entitled to recover any damages for wrongful death against Safecare predicated upon any actions or inactions of Dr. Howard. Instead, it seeks to proceed only on its alleged *1022 independent claim against Safecare. Hence, any issue as to Safecare's liability for its employee's conduct is moot.
Rimer v. Safecare Health Corp., 591 So.2d 232, 233 (Fla. 4th DCA 1991), aff'd, 620 So.2d 161 (Fla.1993). We reversed the trial court on the set-off issue, holding that the wrongful death action was not subject to a set-off of the settlement amount in Howard's negligence case. Id. at 235.
After the wrongful death action against Safecare was reset for trial, Safecare informed Howard that it would seek indemnity against him should it have to pay a judgment "as his employer," for his negligence in treating Loeb. The pre-trial stipulation set forth Safecare's position that it had not been independently negligent and, because of the release, it could not be vicariously liable for Howard's negligence. On the first day of trial, Safecare settled with the personal representative for $40,000, with the stipulation that the money represented wrongful death damages for Howard's "failure to make a diagnosis."
Safecare then sued Howard for indemnity and equitable subrogation. In support of its common law indemnity claim, Safecare alleged that it had paid a settlement and incurred attorney's fees and costs as a result of Howard's "active negligence" in failing to diagnose Loeb's stomach cancer; that it was not negligent in the management of Loeb's care, apart from the negligence of Howard, and that its liability was "entirely vicarious, constructive, derivative, or technical." The count for equitable subrogation made substantially the same allegations, adding only that if indemnity were not allowed, Howard would be unjustly enriched by Safecare's settlement. The trial court granted Howard's motion to dismiss with prejudice.[1]
A party held vicariously liable to another may bring an action for indemnity against the wrongdoer whose conduct created the liability. Houdaille Indus., Inc. v. Edwards, 374 So.2d 490, 492-93 (Fla.1979).
Indemnity rests upon the fault of another which has been imputed or constructively fastened upon the one seeking indemnity, and there can be no indemnity between joint tortfeasors. A weighing of the relative fault of tortfeasors has no place in the concept of indemnity for the one seeking indemnity must be without fault.
Id. at 493 (citations omitted). A classic example of an indemnity action is when an employer held vicariously liable to a third person seeks recovery from the employee whose negligence caused injury. 41 AM. JUR.2D Indemnity § 30 (1995). Of course, to prevail in such a case, the employer must be "faultless"not guilty of any wrongdoing of its own, separate from the employee's conduct, which contributed to the injury in question. Houdaille, 374 So.2d at 493-94; General Portland Land Dev. Co. v. Stevens, 395 So.2d 1296, 1299 (Fla. 4th DCA 1981).
Safecare's indemnity claim against Howard turns on its ability to ascribe the settlement monies to its vicarious liability for Howard's negligence. Safecare attempted to do this as part of the settlement by securing the stipulation from the estate that the $40,000 represented damages for Howard's failure to make a diagnosis. However, long before the settlement, Safecare had successfully extirpated from the case the possibility of being held vicariously liable for Howard's conduct. Its motion for summary judgment resulted in the estate's concession on appeal that Howard's release blocked the estate from holding Safecare vicariously liable for Howard's "actions or inactions." Rimer, 591 So.2d at 233. Due to Safecare's litigation success, the posture of the case at the time of the settlement was that a finding of vicarious liability for Howard's negligence was a legal impossibility. Safecare had taken advantage of the $150,000 Howard paid and the release he obtained to avoid legal responsibility for his conduct. Safecare could only have been found negligent at trial for its own conduct, a result which would have barred an indemnity action against Howard under Houdaille and its progeny. Having elected to settle when the case was in such a posture, Safecare is estopped from manipulating the basis of its settlement and from asserting a liability position *1023 in this case contrary to the one it had successfully maintained on the first appeal. See Lambert v. Nationwide Mut. Fire Ins. Co., 456 So.2d 517 (Fla. 1st DCA 1984); Kaufman v. Lassiter, 616 So.2d 491 (Fla. 4th DCA 1993), review denied, 624 So.2d 267 (Fla.1993). Safecare is barred from attempting to characterize its settlement in a way that was outside the realm of legal possibility at the time it was made.
Safecare relies on Julien P. Benjamin Equip. Co. v. Blackwell Burner Co., 450 So.2d 901 (Fla. 3d DCA 1984), to avoid dismissal. There, an injured plaintiff sued a distributer of a defective product. The distributer brought a third party indemnity action against the manufacturer. The trial court dismissed the third party claim. The Third District reversed, holding that neither the manufacturer's settlement of a prior action brought against it by the same plaintiff, nor the fact that the plaintiff's complaint against the distributor alleged only "active negligence," precluded the maintenance of the indemnity claim. Id. at 902.
The instant case is distinguishable for two reasons. First, Safecare used the Howard settlement to obtain a binding ruling which eliminated the possibility of being held vicariously liable. The settlement in Benjamin had no such preclusive effect. Benjamin stands for the proposition that a tortfeasor's settlement, standing alone, does not release the tortfeasor from an indemnification claim by a party held vicariously liable for the tortfeasor's conduct. See Rebhan Leasing Corp. v. Trias, 419 So.2d 352, 353 (Fla. 3d DCA 1982), review denied, 427 So.2d 738 (Fla.1983). Second, unlike the Safecare/Loeb litigation, which was settled at trial after an appeal, the dismissal in Benjamin occurred at the pleading stage of the lawsuit, before the issues had been developed. Benjamin follows that line of cases which liberally allow third party claims for indemnity at the beginning of a lawsuit. Seaboard Coast Line R. Co. v. Brown, 297 So.2d 843 (Fla. 2d DCA 1974); Central Truck Lines, Inc. v. White Motor Corp., 316 So.2d 579 (Fla. 3d DCA 1975); Linpro Florida, Inc. v. Almandinger, 603 So.2d 666 (Fla. 4th DCA 1992). This liberality fulfills a purpose of Florida Rule of Civil Procedure 1.180, to bring all interested parties into the same action. Seaboard, 297 So.2d at 843. The cases also recognize that a third party plaintiff should not be locked in by the plaintiff's characterization of theories of liability in a complaint. Central Truck Lines, 316 So.2d at 580; Rea v. Barton Protective Services, Inc., 660 So.2d 772, 773 (Fla. 4th DCA 1995). This is especially true in the indemnity area where pleadings often do not use with precision terms such as "active" or "passive," and "primary" or "secondary" negligence. See Houdaille, 374 So.2d at 492. This pleading liberality does not control the more mature case such as this one, which has been refined and shaped by the litigation process. Unlike the situation in Benjamin, where the potential of vicarious liability existed at the time the trial court dismissed the indemnity action, the possibility of Safecare being held vicariously liable had been conclusively eliminated in 1991, during the first appeal to this court.
AFFIRMED.
GUNTHER, C.J., and STONE, J., concur.
NOTES
[1] At oral argument, counsel for appellant conceded that dismissal of the subrogation count was proper. See High v. General Am. Life Ins. Co., 619 So.2d 459 (Fla. 4th DCA 1993).