DELL, Judge.
Mellish Enterprises, Inc., a Florida corporation, filed a complaint against appellees seeking indemnification for a judgment entered against it in the amount of $1,834,-279.50. Mellish contends that the trial court erred when it concluded that its action was barred by a release between appellees and the third party, res judicata and because' Mellish had not paid the judgment.
The record supports appellant’s argument that the trial court erred when it considered matters outside the four corners of the complaint. E.g., Reed v. Sampson, 349 So.2d 684, 685 (Fla. 4th DCA 1977). See also Sovran Equity Mortgage Corp. v. Parsons, 547 So.2d 1044 (Fla. 4th DCA 1989); Eugene v. Prestcon, Inc., 528 So.2d 1218 (Fla. 4th DCA 1988). The trial court also erroneously concluded that Mellish had to allege payment of the judgment in order to state a cause of action for indemnification. The entry of a judgment provides the prerequisite for an indemnification action, not payment of the judgment. See Flagship Nat’l Bank v. Gray Distribution Sys., Inc., 485 So.2d 1336, 1342 (Fla. 3d DCA 1986).
In Julien P. Benjamin Equipment Co. v. Blackwell Burner Co., 450 So.2d 901 (Fla. 3d DCA 1984), a third party sued a distributor alleging damages as a result of a defective product. The trial court dismissed the distributor’s action against the manufacturer for indemnification. In reversing the trial court’s order of dismissal, the Third District Court of Appeal held:
[N]either the manufacturer’s settlement of a prior action brought against it by the same plaintiff, nor the fact that the plaintiffs complaint in this case alleges only active negligence by the distributor, precludes the maintenance of the indemnity claim on the presently asserted ground that the distributor’s liability, if any, arises only vicariously for a defect created in the product by the manufacturer.
Id. (citations omitted) (footnote omitted). Based on Benjamin, we hold that Mellish’s complaint alleged sufficient facts to state a cause of action.
Accordingly, we reverse the trial court’s dismissal with prejudice of appellant’s complaint for indemnification and remand this ease for further proceedings.
REVERSED and REMANDED.
SHAHOOD and GROSS, JJ., concur.