ALTENBERND, Judge.
 

 Georgia A. Kelly and Michael L. Kelly, her husband, are plaintiffs in a tobacco-related personal injury lawsuit against Philip Morris and several other tobacco companies. Mrs. Kelly is currently suffering from lung cancer. The trial court entered an order that requires the “Plaintiffs” to assist in scheduling the depositions of treating physicians the Kellys intend to call at trial. The order further requires the “Plaintiffs” to “disclose to Defendants’ counsel all expert opinions held by, or sought to be elicited from,” these physicians. The Kellys have filed a petition for certiorari in this court seeking to quash this order. We dismiss their petition.
 

 Our standard of review in a certio-rari proceeding requires this court to determine whether the trial court’s order is: “(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the trial (3) that cannot be corrected on post-judgment appeal.”
 
 See Parkway Bank v. Fort Myers Armature Works, Inc.,
 
 658 So.2d 646, 648 (Fla. 2d DCA 1995). This court typically considers the second and third prongs of this analysis before we consider the first prong. At least descriptively, we treat the second and third prongs as “jurisdictional” because we have no reason to address the merits of a challenged order unless the matter satisfies the second and third prongs. When a petition does not satisfy these prongs, we normally dismiss the petition.
 
 [1]
 
 In this case, neither aspect of the challenged order appears to result in a material injury and, accordingly, we dismiss the petition.
 

 The Kellys first challenge the aspect of the order that requires that they assist in scheduling the treating physicians’ depositions. Especially in light of
 
 *1080
 
 the heightened privacy issues that have evolved in health care over the years, we would expect this kind of cooperation and courtesy to occur among litigants without need for a court order. Admittedly, coordinating the scheduling of a deposition of a professional that accommodates his or her schedule and also that of the lawyers in a multi-party lawsuit can be a challenge, but we conclude the trial court has discretion to require this assistance from plaintiffs counsel. We cannot conclude that the quantity of staff time required to help schedule depositions of treating physicians results in a material injury in this context.
 

 The Kellys also challenge the part of the order that requires the “Plaintiffs” to disclose to Defendant’s counsel — at least seven days before a deposition of any treating physicians they intend to call at trial — all expert opinions held by, or sought to be elicited from, these physicians. This issue requires a little more analysis than the first claim.
 

 Although the requirements of this order are analogous to the requirements of Florida Rule of Civil Procedure 1.280(b)(4)(A), it is undisputed that the trial court did not specifically rely on this rule, which does not expressly apply to treating physicians as compared to persons retained as litigation experts. We have found no Florida case law expressly approving or disapproving the procedures required by this order in the context of treating physicians. There is a somewhat similar federal rule, but the trial court has not required compliance with the more elaborate provisions of the federal rule.
 
 See
 
 Fed. R. Civ. P. 26.
 

 This is a multi-party lawsuit, and it is not entirely clear that every party will wish to attend these depositions. The disclosure prior to the deposition may well streamline the process of taking the depositions. It should be emphasized that the trial court has not compelled the treating physicians to take any action in the trial court proceeding. Indeed, the trial court would not appear to have any jurisdiction or authority over the treating physicians at this time.
 

 The trial court has not specified the precise method of compliance with this order. We assume from the language of the order that the Kellys’ attorneys, as officers of the court, can satisfy this order by a letter or other written communication to opposing counsel. The Kellys’ attorneys are not required to explain in detail the expected testimony of the treating physicians, but merely to disclose “expert opinions” held by the treating physicians and opinions that the Kellys’ attorneys seek to elicit from those treating physicians. Additionally, although the order contains no provisions explaining what might occur if the Kellys’ attorneys cannot obtain the cooperation of a treating physician as to his or her expert opinion prior to the deposition, the trial court would have the authority to address such a complication if and when it arises.
 

 At this point, the trial court would appear to have discretion to enter this disclosure order as part of its control over discovery. Given that the order can be satisfied by a letter from counsel that does not compel any disclosure of actual work product, we conclude that the order results in no material injury that would warrant our review by certiorari.
 

 The petition for writ of certiorari is dismissed.
 

 NORTHCUTT and KELLY, JJ., Concur.
 

 [1]
 

 . Admittedly, a dismissal pursuant to
 
 Parkway Bank v. Fort Myers Armature Works, Inc.,
 
 658 So.2d 646 (Fla. 2d DCA 1995), can be confusing to the parties. It is not comparable, for example, to a dismissal resulting from a petitioner’s failure to file a timely petition. And it is very unlikely that a
 
 Parkway
 
 dismissal would result in an issue that could be considered by the supreme court by means of a petition for a writ of prohibition. When we dismiss a petition for writ of common law certiorari based on the analysis in
 
 Parkway
 
 and not for other reasons, we usually cite the
 
 Parkway
 
 case to assist the parties.