WALLACE, Judge.
Fish Tale Sales and Service, Inc., petitions for certiorari review of an order denying its motion to file a third-party complaint in the underlying action. Because we conclude that the circuit court departed from the essential requirements of the law *59 in denying Fish Tale’s motion, resulting in material harm that cannot be remedied on plenary appeal, we grant the petition and quash the order on review.
I. THE FACTS
In March 2011, William Nice and Maria Condeiro-Niee (the Nices) filed suit against Fish Tale; Chaparral Boats, Inc.; Federal-Mogul Corporation; and Volvo Penta of Americas, Inc., for personal injuries they sustained on December 19, 2008, in a flash explosion aboard their twenty-four-foot Chaparral boat. Fish Tale, the retailer, sold the boat to the Nices and later performed repairs to the boat on May 27, 2008. Chaparral manufactured the boat. The boat came equipped with an engine manufactured by Volvo and a fuel pump manufactured by Federal-Mogul. According to the amended complaint, the explosion resulted from a leak in the fuel pump. The Nices alleged that “[a]t all material times, the boat was unfit for its intended and foreseeable use, defective, and unreasonably dangerous.”
The amended complaint alleges claims against Fish Tale by each of the Nices for negligence and strict liability. The negligence claims assert active negligence by Fish Tale in “failing to properly service and inspect the boat,” “failing to properly repair the boat,” “failing to warn [the Nices] of the dangers associated with the defective fuel pump],” and “allowing] the defect to pass through its shop undetected.” The strict liability claims assert that “[w]hen [Fish Tale] placed the boat into the stream of commerce, it was unreasonably dangerous because of the defect” and that therefore Fish Tale was strictly liable for the Nices’ injuries caused “as a direct and proximate result of the defect.” William Nice also alleged a breach of contract claim against Fish Tale, alleging that he contracted with Fish Tale for inspection and repair of the boat and that Fish Tale breached its contract by failing to detect and repair the defective fuel pump.
In addition, the Nices each asserted claims for negligence and strict liability against Chaparral, Federal-Mogul, and Volvo in the amended complaint.[1] The negligence claims against Chaparral asserted that it was actively negligent in “failing to properly design and manufacture the boat,” “failing to properly inspect and test the boat,” “failing to warn [the Nices] of the dangers associated with the defective fuel pump],” and “allowing] the defect to pass through its shop undetected.” With respect to the strict liability claim, the Nices asserted that “[w]hen [Chaparral] placed the boat into the stream of commerce, it was unreasonably dangerous because of the defect” and that thus Chaparral was strictly liable for the Nices’ injuries caused “as a direct and proximate result of the defect.”
The Nices’ negligence claims against Volvo similarly asserted that Volvo was actively negligent in “failing to properly design and manufacture the engine,” “failing to properly inspect and test the engine,” “failing to warn [the Nices] of the dangers associated with the defective fuel pump],” and “allow[ing] the defect to pass through its shop undetected.” The Nices’ strict liability claims against Volvo asserted that “[w]hen [Volvo] placed the engine into the stream of commerce, it was unreasonably dangerous because of the defect” and that thus Volvo was strictly liable for the Nices’ injuries “as a direct and proximate result of the defect.”
*60 With respect to Federal-Mogul, the Nices’ negligence claims asserted that Federal-Mogul was actively negligent in “failing to properly design and manufacture the fuel pump,” “failing to properly inspect and test the fuel pump,” “failing to warn [the Nices] of the dangers associated with the defective fuel pump],” and “allow[ing] the defect to pass through its shop undetected.” Under the strict liability claims against Federal-Mogul, the Nices asserted that “[w]hen [Federal-Mogul] placed the fuel pump into the stream of commerce, it was unreasonably dangerous because of the defect” and that thus Federal-Mogul was strictly liable for the Nices’ injuries “as a direct and proximate result of the defect.”
Fish Tale served an answer and affirmative defense on April 4, 2011. Subsequently, the Nices’ depositions were taken and the parties exchanged written discovery materials. Thereafter, on December 6, 2011, the Nices served notice of dropping Chaparral, Federal-Mogul, and Volvo from the underlying action without prejudice. However, they did not file an amended complaint or withdraw their allegations that the flash explosion was caused by a defective fuel pump.
On January 18, 2012, Fish Tale moved for leave to file a third-party complaint against Chaparral, Federal-Mogul, and Volvo. It attached a copy of the proposed third-party complaint, asserting that the Nices had sued it under theories of negligence and strict liability because it had sold the Nices a boat with a defective fuel pump. Fish Tale asserted that it did not design or manufacture the fuel pump, the engine (of which the fuel pump was a component part), or the boat in which the fuel pump and engine were installed but that the third-party defendants had done so. In addition, Fish Tale asserted that it sold the boat to the Nices “without any material change or modification to the fuel pump, engine[,] or boat.” Fish Tale alleged that “to the extent that Fish Tale is hable by reason of a defective fuel pump and unreasonably dangerous condition of the boat, the liability would be vicarious, secondary, derivative and/or technical and not by reason of any active fault or negligence on its part” and that the third-party defendants would be hable to Fish Tale under common law or equitable indemnity. Fish Tale also asserted a claim for contribution against the third-party defendants “[t]o the extent that a defective fuel pump and unreasonably dangerous condition of the boat was a substantial contributing cause of [the Nices’] damages.”
The Nices filed a response to Fish Tale’s motion to file a third-party complaint and argued that the underlying matter was controlled by substantive general maritime law (GML) and Florida procedural law. The Nices asserted that they dropped the third parties to “streamline the litigation in this case” and that permitting Fish Tale to file its third-party complaint would “needlessly take more judicial effort and party resources.”
The Nices further asserted that under GML, Fish Tale could not seek indemnity against the third parties until it paid damages based upon vicarious liability for the third parties. Accordingly, the Nices asserted that Fish Tale lacked standing to file a third-party complaint because the Nices did not assert any claims against Fish Tale for vicarious liability, because Fish Tale had not paid any damages, and because a jury might find that Fish Tale was actively negligent as opposed to strictly liable.
Finally, the Nices argued that Fish Tale could only seek contribution based upon a common liability with the third-party defendants to the Nices. The Nices argued that because Fish Tale denied any wrong *61 ful conduct or liability to the Nices, it lacked standing to bring contribution claims that were not ripe and may never ripen. Similarly, the Nices argued that the contribution claims that Fish Tale sought to assert against the third-party defendants were not ripe because the jury may find against Fish Tale only on the active negligence and the breach of contract counts and not on the strict liability counts. The Nices made the same arguments in this proceeding in support of the circuit court’s denial of Fish Tale’s motion to file a third-party complaint.
Following a hearing, the circuit court denied Fish Tale’s motion to file a third-party complaint. The parties acknowledge that the hearing was not reported. The circuit court’s order does not contain any factual or legal findings.
II. DISCUSSION
Our standard of review in a cer-tiorari proceeding requires this court to determine whether the trial court’s order is: “(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the trial (3) that cannot be corrected on postjudgment appeal.” See Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646, 648 (Fla. 2d DCA 1995).
Kelly v. Philip Morris USA Inc., 69 So.3d 1078, 1079 (Fla. 2d DCA 2011).
We conclude that the circuit court’s denial of Fish Tale’s motion results in material and irreparable harm. Unless Fish Tail is permitted to implead the third parties potentially responsible for the Nices’ injuries, it may be exposed to an inconsistent outcome in any independent action against those parties. Even if, as the Nices suggest, Fish Tale could seek contribution or indemnity against the third parties in an independent action at the conclusion of the underlying litigation, those parties would not be bound by the jury’s findings in this litigation and the outcome in the independent action may be inconsistent with the outcome in the present case. See Sterling Drug, Inc. v. Lugo, 614 So.2d 16, 16-17 (Fla. 3d DCA 1993); Steak Enters., Inc. v. Claus, 345 So.2d 1075, 1076 (Fla. 4th DCA 1976); see also Ohio Cas. Ins. Co. v. Fennell, 686 So.2d 1, l(Fla. 2d DCA 1995) (citing Sterling and Steak Enters.). The potential for an inconsistent outcome in a subsequent action against the third parties cannot be remedied on plenary appeal of the underlying matter. See Steak Enters., 345 So.2d at 1076. Thus Fish Tale has met the jurisdictional requirement for certiorari review. See Kelly, 69 So.3d at 1079.
In addition, we conclude that the circuit court departed from the essential requirements of the law in denying Fish Tale’s motion to file a third-party complaint. Florida Rule of Civil Procedure 1.180(a) permits a defendant to file a third-party complaint “on a person not a party to the action who is or may be liable to the defendant for all or part of the plaintiffs claim against the defendant.” Where appropriate, courts should liberally allow defendants to assert third-party claims for indemnity, particularly at the beginning of a lawsuit, so as to fulfill the purpose of rule 1.180 “to bring all interested parties into the same action.” Safecare Med. Ctr. v. Howard, 670 So.2d 1020, 1023 (Fla. 4th DCA 1996).
Although the availability of common law indemnity under GML is quite limited, a nonnegligent tortfeasor is entitled to seek indemnity against the manufacturer of a defective product that injures a plaintiff to whom the nonnegligent tort-feasor may be held liable. Hardy v. Gulf Oil Corp., 949 F.2d 826, 833 (5th Cir.1992); *62 Fuesting v. Lafayette Parish Bayou Vermilion Dist., No. 02-2511, 2007 WL 1728655, at *2 n. 2 (W.D.La. June 13, 2007) (not reported in F.Supp.2d); see also Sol v. City of Miami, 776 F.Supp.2d 1375, 1378-79 (S.D.Fla.2011) (observing that GML recognizes claims for indemnity by a nonnegligent tortfeasor against the party actually at fault); Colmnbus-McKinnon Corp. v. Ocean Prods. Research, Inc., 792 F.Supp. 786, 788 (M.D.Fla.1992) (stating that one of the indemnity theories recognized under GML “allows a vicariously liable or non[ ]negligent tortfeasor to be entitled to indemnity from a co[]debtor guilty of actual fault” (internal quotation marks omitted)). Similarly, GML recognizes that a tortfeasor who shares a common legal liability to a plaintiff with another tortfeasor may seek contribution from the second tortfeasor. Sol, 776 F.Supp.2d at 1379-80; Columbus-McKinnon Corp., 792 F.Supp. at 789.
Fish Tale’s third-party complaint states a viable claim for indemnity against the third-party _ defendants. The third-party complaint alleges that Fish Tale is a nonnegligent tortfeasor who may be held strictly hable for a defective product manufactured by the third-party defendants. And the fact that a jury may find Fish Tale to be actively negligent rather than merely passively negligent is irrelevant to whether Fish Tale should be permitted to plead an indemnity claim against the third-party defendants. See Broward Marine, Inc. v. New England Marine Corp. of Del., 386 So.2d 70, 73 (Fla. 2d DCA 1980); Lin-pro Fla. Inc. v. Almandinger, 603 So.2d 666, 666-67 (Fla. 4th DCA 1992).
Similarly, Fish Tale asserted a viable claim for contribution against the third-party defendants based upon their potential common liability to the Nices. The third-party complaint seeks contribution from the third-party defendants in the event Fish Tale is found to be actively negligent “[t]o the extent that a defective fuel pump and unreasonably dangerous condition of the boat was a substantial contributing cause of [the Nices’] damages.” See Sol, 776 F.Supp.2d at 1380 (holding that allegation that the two tort-feasors “might share responsibility for the accident ... satisfie[d] the ‘common legal liability’ requirement”).
Moreover, contrary to the Nices’ assertion, Fish Tale need not wait until it has actually paid damages to the Nices to seek indemnity or contribution from the third-party defendants. As noted by Fish Tale in its petition, Federal Rule of Civil Procedure 14(c)(1), which governs third-party practice in admiralty and maritime claims, recognizes that a “defendant [in such action] may, as a third-party plaintiff, bring in a third-party defendant who may be wholly or partly liable — either to the plaintiff or to the third-party plaintiff — for remedy over, contribution, or otherwise on account of the same transaction[ or] occurrence.” See Ambraco, Inc. v. Bossclip B.V., 570 F.3d 233, 241-42 (5th Cir.2009) (holding that the district court erred in ruling that a defendant in an admiralty action could not bring claims for contribution or indemnity under rule 14(c) against a prior defendant in the action that was dismissed from the lawsuit).
In addition, the Nices do not argue, and nothing in Fish Tale’s appendix reflects, any abuse by Fish Tale in seeking to assert the third-party claims or any prejudice to the Nices in permitting Fish Tale to file the third-party complaint. Significantly, the Nices sued the third parties when they filed their amended complaint in March 2011. Thus the Nices were aware of the identities of the third parties and of their potential liability for the injuries alleged, and the Nices have been able to conduct discovery directed at the third *63 parties. After the Nices’ claims against the third-party defendants were pending for about nine months, they dropped their claims against the third parties to “streamline the litigation” and to avoid expending “judicial effort and party resources.” Within six weeks of the service by the Nices of their notice of dropping parties, Fish Tale Sled its motion for leave to file a third-party complaint against the third parties to assert claims for contribution and indemnity. The claims that Fish Tale asserts against the third-party defendants in its third-party complaint arise from the same theories of liability that the Nices had previously asserted against the third parties. Thus the Nices would not be prejudiced by permitting the amendment.
Finally, we disagree with the Nices’ argument under Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979), that Fish Tale failed to preserve any legal error for review because it did not provide a transcript of the hearing on its motion for leave to file a third-party complaint. First, the lack of a transcript does not raise a preservation problem. Rather, it could potentially impact this court’s ability to determine whether the circuit court committed error. However, because there is no factual dispute in this case, Applegate is inapposite. See Martin v. Dep’t of Revenue ex rel. Martin, 827 So.2d 367, 368 (Fla. 2d DCA 2002). And although the circuit court’s order does not state its reason for denying Fish Tale’s motion for leave to file a third-party complaint, the Nices’ arguments asserted in opposition to the motion in the circuit court, which are the same arguments that the Nices assert in their petition, are without merit and do not support the circuit court’s decision. In addition, because Fish Tale asserted viable claims against the third-party defendants in its third-party complaint and because no prejudice to the Nices would result from permitting Fish Tale to file its third-party complaint, the circuit court departed from the essential requirements of the law in denying Fish Tale’s motion.
III. CONCLUSION
Based upon the foregoing discussion, we grant the petition and quash the order under review.
Petition granted, order quashed, and case remanded for further proceedings.
DAVIS and BLACK, JJ., Concur.

. The Nices also asserted claims for vicarious liability against Chaparral and Volvo for the conduct of Fish Tale, but those claims are not relevant to our analysis of the issues on review.