354 So.2d 114 (1978)
BARNETT BANK OF MIAMI, Appellant,
v.
MUTUAL OF OMAHA INSURANCE COMPANY, Appellee.
No. 76-602.
District Court of Appeal of Florida, Third District.
January 18, 1978.
High, Stack, Davis & Lazenby and Alan R. Dakan, Miami, for appellant.
George V. Lanza, Coral Gables and John A. Finn, Sam Daniels, Ehrich & Zuckerman, Miami, for appellee.
Before HENDRY and NATHAN, JJ., and CHARLES CARROLL (Ret.) Associate Judge.
NATHAN, Judge.
Barnett Bank of Miami, third party defendant and lessee of parking lot, appeals from an adverse summary judgment establishing liability for indemnity in favor of its *115 landlord, third party plaintiff Mutual of Omaha Insurance Company.
This suit was initially brought by an employee of Barnett against Mutual for personal injuries sustained when a guard rail fell on her. The employee's complaint alleged active negligence by Mutual. Mutual's third party complaint against Barnett alleged that Mutual was only passively negligent. At the time of the filing of this appeal the main action between the plaintiff-employee and Mutual was still pending.
Barnett, by lease with Mutual, agreed to indemnify Mutual for any loss, claim and attorneys fees arising out of any injury received in or about the premises and arising out of any failure of Barnett to comply with the terms of the lease, as well as costs and attorneys fees in any litigation in which Barnett caused Mutual without its fault, to become involved.
The general rule is that where each tortfeasor is chargeable with active negligence contributing to the injury for which recovery was had, neither is entitled to indemnity from the other. Armor Elevator Company, Inc. v. Elevator Sales & Service, Inc., 309 So.2d 44 (Fla.3d DCA 1975).
Barnett argues that it was solely negligent and that since the employee's complaint alleges that Mutual was actively negligent and since the lease provides for indemnity for the acts of a passive tortfeasor only, summary judgment was improperly entered. We do not agree that Mutual is bound by the employee's complaint against Mutual or what Barnett considers exculpatory terms of the lease agreement. A tortfeasor is not "locked in" by allegations in the original complaint that it was an active tortfeasor. Central Truck Lines, Inc. v. White Motor Corporation, 316 So.2d 579 (Fla.3d DCA 1975).
The obligation to indemnify need not solely be based upon an express contract of indemnification, but may arise out of a liability imposed by law, Stuart v. Hertz Corporation, 351 So.2d 703, 705 (Fla. 1977), and "... has been said to exist whenever the relation between the parties is such that either in law or in equity there is an obligation on one party to indemnify the other, as where one person is exposed to liability by the wrongful act of another in which he does not join." 41 Am.Jur.2d, Indemnity § 2, cited in Stuart v. Hertz Corporation, supra at 705.
Given the fact that Mutual alleged in its third party complaint that it was but a passive tortfeasor, and since the evidence adduced shows that there is a genuine issue of material fact as to whether an active/passive relationship of tortfeasors exists between Barnett and Mutual, summary judgment was precluded.
Earlier in the course of these proceedings, it was ordered by this court that ruling on this interlocutory appeal be reserved until determination of the main action. The main action was concluded by judgment entered in favor of plaintiff-employee against Mutual pursuant to an offer of judgment under Fla.R.Civ.P. 1.442, made by Mutual and accepted by the employee.
Barnett now contends that, not only should the summary judgment against it be reversed, but summary judgment should be entered in favor of Barnett because the offer of judgment and judgment thereon amounted to an admission and adjudication of Mutual's liability for active negligence. We disagree. While counsel has failed to provide us with, and we have been unable to find a case on point under the Florida or Federal offer of judgment rules, we are of the opinion that where a non-litigated offer of compromise is accepted and judgment entered thereon pursuant to the offer of judgment rule, it does not operate as an estoppel by judgment or admission of the facts contained in a complaint in a suit not between the parties to the judgment. Cf. Seaboard Air Line Railroad Company v. George F. McCourt Trucking, Inc., 277 F.2d 593, 597 (5th Cir.1960). The purpose of the offer of judgment rule is to induce or influence a party to settle litigation and obviate the necessity of a trial. Santiesteban v. McGrath, 320 So.2d 476 (Fla.3d DCA 1975); Hernandez v. Travelers *116 Insurance Company, 331 So.2d 329 (Fla.3d DCA 1976).
The summary judgment is reversed and the cause is remanded for trial on the third party complaint and answer thereto.
Reversed and remanded.