CARLSON CORPORATION/SOUTH-EAST f/k/a Carlson Southeast Corporation, a Massachusetts Corporation, Plaintiff,

v.

The SCHOOL BOARD OF SEMINOLE COUNTY, FLORIDA, Defendant/Third-Party Plaintiff,

v.

HELMAN HURLEY CHARVAT PEACOCK/ARCHITECTS, INC., Third-Party Defendant.

No. 90–1387–CIV–T–17B.

United States District Court, M.D. Florida, Tampa Division.

Nov. 13, 1991.

John Mason Williams, III, Broad & Cassel, Maitland, Fla., for third-party defendant.

## ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on the following:

1. Third–Party Complaint, Dkt. 25.
2. Third–Party Defendant's Motion to Dismiss, Motion to Strike, and Memorandum of Law in Support of Motion to Dismiss, Dkt. 27.
3. Defendant/Third–Party Plaintiff's Memorandum of Law in Opposition, Dkt. 28.

### I. STANDARD OF REVIEW

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the claimant can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the claimant. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

Motions to strike on the grounds of insufficiency, immateriality, irrelevancy, and redundancy are not favored, often being considered "time wasters," and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. *Poston v. American President Lines, Ltd.,* 452 F.Supp. 568, 570 (S.D.Fla. 1978), citing *Augustus v. Board of Public Instruction,* 306 F.2d 862 (5th Cir.1962). In evaluating a motion to strike, the court must treat all well pleaded facts as admitted, and cannot consider matters beyond the pleadings. *U.S. Oil Co., Inc. v. Koch Refining Co.,* 518 F.Supp. 957, 959 (E.D.Wis.1981).

Joseph George Thresher, Dykema Gossett, Tampa, Fla., for plaintiff.

Brian Patrick Kirwin, Lyon & McManus, Orlando, Fla., for defendant/third-party plaintiff.

### II. FACTS

The Plaintiff, Carlson Corporation/Southeast ("Carlson"), formerly

known as Carlson Southeast Corporation, entered into a contract with Defendant/Third–Party Plaintiff, School Board of Seminole County, Florida (the "School Board"), on August 28, 1987. The contract was for renovation and additions to Lake Howell High School in Seminole County, Florida. Dkt. 25, attachments. Carlson filed suit against the School Board seeking damages for alleged breach of contract.

The School Board entered into a contract with Third–Party Defendant, Helman Hurley Charvat Peacock/Architects, Inc. ("HHCP"), on July 28, 1986. Dkt. 25 at 2. Pursuant to this contract, HHCP's duties included:

1. "Design the project so that it may be constructed within the budget...." Dkt. 25, Exhibit "B", paragraph 1(A)(16).;

2. Certify payments due to contractor. Dkt. 25, Exhibit "B", paragraph 1(A)(8).;

3. Submit all change orders that will result in an increase in construction cost. Dkt. 25, Exhibit "B", paragraph 9(F).; and

4. Require written authorization from the School Board approving any change orders resulting in any increase of construction costs. Dkt. 25, Exhibit "B", paragraph (1)(B).

The School Board has filed a third-party complaint against HHCP seeking indemnification for all damages which may be awarded to the Plaintiff, Carlson. The School Board alleges in the third-party complaint:

1. The School Board has been sued by Carlson for breach of contract and may be subjected to liability. Dkt. 25, paragraphs 2. and 3.;

2. The School Board contracted with HHCP "to act as Architect and to render professional services necessary to design and provide for contract administration services for the Project." Dkt. 25, paragraph 5.;

3. Carlson's damages, if any, "were directly and proximately caused by HHCP's breach of the contract between HHCP and the School Board, and by HHCP's actions, omissions and negligence." Dkt. 25, paragraph 7.; and

4. The School Board is entitled to recover reasonable attorney's fees from HHCP.

HHCP has moved to dismiss the third-party complaint and strike the request for reasonable attorney's fees. HHCP alleges that the third-party complaint failed to state a cause of action, and failed to state a proper basis for attorney's fees in contract or pursuant to Florida law.

## III. ISSUES

1. WHETHER THE THIRD–PARTY COMPLAINT SUFFICIENTLY ALLEGES A CAUSE OF ACTION FOR INDEMNITY.

Third–Party Defendant, HHCP, contends that on the basis of the allegations of active negligence in Carlson's Complaint, the School Board is precluded from asserting a common law indemnity claim. The general rule is that a tortfeasor charged with active negligence contributing to the injury for which recovery was had, is not entitled to indemnity from other tortfeasors. *Barnett Bank of Miami v. Mutual of Omaha Ins.*, 354 So.2d 114, 115 (Fla. 3d DCA 1978). However, a tortfeasor is not "locked in" by allegations in the original complaint that it was an active tortfeasor. *Id.*

In addition, Third–Party Defendant, HHCP, contends that even if the School Board is entitled to the relief sought, the Third–Party Complaint fails to allege facts sufficient to support the indemnity claim. In Florida, the right of indemnity may arise from either an express contract (contract for indemnity) or by the existence and violation of a duty as between tortfeasors. *Florida Power Corp. v. Taylor*, 332 So.2d 687 (Fla. 2d DCA 1976). In *Rabon v. Automatic Fasteners, Inc.*, 672 F.2d 1231 (5th Cir.1982), the court stated:

[A] third party indemnity action will survive a motion to dismiss only if the third party complaint alleges: (1) that there existed a special duty running from the indemnitor to the indemnitee; (2) that the indemnitor breached that duty; (3) that

the plaintiff's injuries resulted from the breach; and (4) that the indemnitee can be held liable for the injuries resulting to the plaintiff from the indemnitor's acts.

*Id.* at 1235.

Rule 8, Federal Rules of Civil Procedure, requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As noted above, the Third–Party Complaint does contain a short and plain statement of the essential elements for indemnity in Florida. Thus, the Third–Party Complaint sufficiently alleges a cause of action for indemnity.

2. WHETHER FLORIDA LAW PERMITS THE INDEMNITEE TO RECOVER REASONABLE ATTORNEY'S FEES FROM THE INDEMNITOR.

■ It is well settled under Florida law that the indemnitee may recover reasonable attorney's fees from the indemnitor. *Perkins State Bank v. Connolly*, 632 F.2d 1306, 1315 (5th Cir.1980), citing numerous Florida cases. Generally, reasonable attorney fees may be recovered in an indemnity action whether the indemnity is implied by law or arises from contract. *Borg–Wagner Acceptance Corp. v. Philco Finance Corp.*, 356 So.2d 830 (Fla.1st DCA 1978), citing *Morse Auto Rentals, Inc. v. Dunes Enterprises, Inc.*, 198 So.2d 652 (Fla. 3d DCA 1967). Accordingly, it is

ORDERED that Third–Party Defendant's Motion to Dismiss and Motion to Strike are denied.

DONE and ORDERED.