IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-30442
_____


JACQUES JEAN-BAPTISTE,

Plaintiff-Appellee,

versus

BRAZIL CARIBBEAN SHIPPING CO., INC.,

Defendant-Appellant.
_____

Appeal from the United States District Court for the
Eastern District of Louisiana
(97-CV-1506)
_____

April 10, 2000

Before POLITZ, JOLLY, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

This interlocutory appeal presents two issues: (1) whether the instant claims, in whole or in part, are barred by the doctrine of res judicata; and (2) whether the alleged settlement agreement that resulted in Commodore's acceptance of the Demand for Judgment is enforceable.

A

Turning first to the res judicata effect of the consent judgment entered into between Baptiste and Commodore under Florida

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

statute § 768.79,[1] the district court, in denying Brazil's motion for summary judgment, stated: "Florida law is clear that a judgment entered pursuant to an offer of judgment has no res judicata or collateral estoppel effect as to an entity not a party to that judgment." After reviewing the applicable case law, it is clear that the district court was correct in this regard. See Barnett Bank of Miami v. Mutual of Omaha Insurance Co., 354 So.2d 114, 115 (Fla. Ct. App. 1978); Security Professionals, Inc. v. Segall, 685 So.2d 1381, 1383 (Fla. Ct. App. 1997).

B

Focusing on the validity of the alleged "settlement agreement," Brazil argues that certain correspondence, in which the parties engaged leading up to the entry of judgment, constituted a settlement agreement independent of the judgment. We are satisfied that the correspondence is no more than part of the process of confecting an offer of judgment under Florida statute § 768.79. Under that process, the ultimate judgment entered by the court controls the controversy that is settled under the process provided by that statute. It follows, therefore, that the referenced correspondence does not constitute a settlement agreement independent of the judgment so entered. We note that there was no formal separate settlement agreement with duly executed releases involved here--a circumstance that would implicate further

---

[1] See Fla. Stat. Ann. § 768.79 (West 1999).

consideration.  Here, we simply conclude that because the "Amended Final Judgment" entered by the court on August 9, 1995, does not provide a release of the potential claims of Baptiste against Brazil, Baptiste is not barred by either the correspondence or the judgment from pursuing the current cause of action.

The judgment of the district court denying Brazil's motion for summary judgment should be, and the same is

A F F I R M E D.

3