763 So.2d 1285 (2000)
BEVERLY ENTERPRISES-FLORIDA, INC., d/b/a Beverly Gulf Coast-Florida, Inc., d/b/a Washington Manor Nursing Home And Rehabilitation Center, Appellant/Cross-Appellee,
v.
Maggie KNOWLES, as Personal Representative of the Estate of Gladstone Knowles, Deceased, Appellee/Cross-Appellant.
No. 4D98-765.
District Court of Appeal of Florida, Fourth District.
August 23, 2000.
Seth A. Honowitz and Scott A. Mager of Kluger, Peretz, Kaplan & Berlin, P.A., Fort Lauderdale, and Edward C. Prieto and George F. Quintairos of Quintairos, Mccumber, Prieto & Wood, P.A., Miami, for appellant/cross-appellee.
Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., West Palm Beach, and Jeffrey M. Fenster of Fenster and Faerber, P.A., Plantation, for appellee/cross-appellant.
Joel S. Perwin of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., and Ford & Sinclair, P.A., Miami, for Amicus Curiae-Academy of Florida Trial Lawyers.
Edward J. Lyons of Milcowitz & Lyons, P.A., Clearwater, for Amicus Curiae-The Coalition to Protect America's Elders.

ON MOTION FOR CERTIFICATION OF QUESTION OF GREAT PUBLIC IMPORTANCE
PER CURIAM.
We grant the motion for certification of a question of great public importance, and hereby certify the following question to the Florida Supreme Court:
MAY A PERSONAL REPRESENTATIVE BRING A STATUTORY CAUSE OF ACTION UNDER SECTION 400.023(1), FLORIDA STATUTES (1997), ON BEHALF OF A DECEASED RESIDENT OF A NURSING HOME FOR ALLEGED INFRINGEMENT OF THE RESIDENT'S STATUTORY RIGHTS PROVIDED BY SECTION 400.022, FLORIDA STATUTES (1997), WHERE THE INFRINGEMENT HAS NOT CAUSED THE RESIDENT'S DEATH?
We are aware that there are numerous claims currently pending throughout the state based upon our holding in Greenfield v. Manor Care, Inc., 705 So.2d 926 (Fla. 4th DCA 1997). In receding from our holding in Greenfield, our en banc opinion adversely affects those claims. The state of Florida has one of the largest populations of elderly persons in the country and the elderly comprise the vast majority of the residential population of nursing homes. Since the nursing home statute was enacted to protect this segment of our population, we feel compelled to certify this question as one of great public importance.
WARNER, C.J., DELL, GUNTHER, STONE, POLEN, FARMER, STEVENSON, SHAHOOD, GROSS, TAYLOR and HAZOURI, JJ., concur.
KLEIN, J., recuses.