**Theresia THOMPSON, as Personal Representative of the Estate of Lois Snellenberger, Plaintiff,**

v.

**KINDRED NURSING CENTERS EAST, LLC, operating CARROLLWOOD CARE CENTER, Defendant.**

**No. 8:01–CV–2158–17EAJ.**

United States District Court, M.D. Florida, Tampa Division.

April 16, 2002.

Michael J. Trentalange, Trentalange & Kelley, P.A., Tampa, FL, for Thersia Thompson, as personal representative of the estate of Lois Snellenberger, plaintiffs.

Robert Evan Bassett, Hinshaw & Culbertson, Tampa, FL, for Kindred Nursing Centers East, L.L.C., operating Carrollwood Care Center, defendants.

### ORDER ON MOTION TO DISMISS

KOVACHEVICH, District Judge.

This cause comes before the Court on the Defendant, Kindred Nursing Centers East, LLC's (hereafter Kindred) Motion to Dismiss Plaintiff, Theresia Thompson's (hereafter Thompson) Amended Complaint, concerning claims for negligence and violation of nursing home residents' rights pursuant to Fla. Stat. § 400.022 and § 400.023. [Docket No. 10]. While Defendant Kindred, failed to title its motion as a Motion to Strike in the Alternative, pursuant to Fed.R.Civ.P. 12(f), Defendant alludes to several portions of Plaintiff's Amended Complaint that it seeks to be stricken. [Docket No. 10 ¶ 4–8]. Therefore, the Court will consider both grounds for disposal of the instant case as well as Plaintiff's responsive memorandum thereto. [Docket No. 11].

### STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests a complaint's adequacy to determine whether it sets forth sufficient allegations to establish a claim for relief. A district court should not dismiss a complaint for failure to state a claim solely on the pleadings "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Moreover, when deciding a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the truthfulness of well-pleaded facts. *Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); See also: *Beck v. Deloitte et al.*, 144 F.3d 732, 735–36 (11th Cir.1998) (citing *St. Joseph's Hospital, Inc. v. Hospital Corp. of America*, 795 F.2d 948 (11th Cir.1986)).

A motion to strike pursuant to Rule 12(f) of the Federal Rules of Civil Procedure tests a complaint's adequacy to determine whether it sets forth any redundant, immaterial, impertinent, or scandal-

ous matters. "A motion to strike is a drastic remedy[,]" which is disfavored by the courts and "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Augustus v. Board of Public Instruction of Escambia County, Fla.,* 306 F.2d 862, 868 (5th Cir.1962); *Poston v. American President Lines Ltd.,* 452 F.Supp. 568, 570 (S.D.Fla. 1978). Further, when deciding a motion to strike, a court must accept the truthfulness of well-pleaded facts and "cannot consider matters beyond the pleadings." *Carlson Corp./Southeast v. School Board Of Seminole County, Fla.,* 778 F.Supp. 518 (M.D.Fla.1991); See also: *U.S. Oil Co., Inc. v. Koch Refining Co.,* 518 F.Supp. 957, 959 (E.D.Wis.1981). Finally, a district court will rarely exercise its discretion under the rule to strike a pleading *sua sponte. Augustus v. Board of Public Instruction of Escambia County, Fla.,* 306 F.2d at 868.

## BACKGROUND

Plaintiff Thompson, as personal representative of the estate of Lois Snellenberger, seeks to recover damages in excess of $75,000.00 from Defendant Kindred, as operator of Carrollwood Care Center. [Docket No. 7 ¶ 1]. The claims involve both a common-law allegation of negligence and a statutory allegation of violation of nursing home residents' rights pursuant to Fla. Stat. § 400.022 and § 400.023 arising out of the death of Lois Snellenberger while a resident at the Defendant's facility. [Docket No. 7].

Plaintiff Thompson, originally filed the Complaint in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida. [Docket No. 3]. Defendant Kindred, filed a Motion to Dismiss Plaintiff's Complaint. [Docket No. 9]. However, before Plaintiff Thompson, could file a responsive memorandum thereto, Defendant Kindred, filed a Notice of Removal to federal court, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332 and the Notice went unchallenged. [Docket No. 1].

Thereafter, Plaintiff Thompson, filed an Amended Complaint, but the substance of the complaint remained constant. [Docket No. 7]. Defendant Kindred, filed what is entitled a Motion to Dismiss Plaintiff's Amended Complaint under Rule 12(b)(6) on the grounds that the Plaintiff has failed to state a claim upon which relief may be granted; however, the motion also requests that several allegations in Plaintiff's Amended Complaint be stricken, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. [Docket No. 10]. Nonetheless, Defendant Kindred, failed to comply with Local Rule 3.01(a) of the United States District Court for the Middle District of Florida, which requires the moving party to submit a brief or legal memorandum with citation to authorities in support of the relief requested. As such, the Court has been forced to decipher the grounds for Defendant Kindred's motion.

Plaintiff Thompson, filed a responsive memorandum to Defendant Kindred's Motion to Dismiss and, in good faith, addressed the Defendant's apparent Motion to Strike in the Alternative. [Docket No. 11]. Therein, Plaintiff Thompson, addressed each of Defendant Kindred's grounds for dismissal, The motion raises the following issues:

(A) whether Plaintiff Thompson, has adequately plead the elements necessary to bring a cause of action for negligence and violation of residents' rights, or, in the alternative, whether Plaintiff Thompson, has alleged any redundant, immaterial, impertinent, or scandalous matters in her claim for negligence and violation of residents' rights when sever-

al allegations within those counts allegedly did not cause the decedent's death; (B) whether Plaintiff Thompson, has adequately plead the elements necessary to bring a cause of action for negligence and violation or residents' rights, or, in the alternative, whether Plaintiff Thompson, has alleged any redundant, immaterial, impertinent, or scandalous matters in her claim for negligence and violation of residents' rights when Plaintiff allegedly failed to comply with the pre-suit requirements of Fla. Stat. § 766.106 and § 400.023; and

(C) whether Plaintiff Thompson, has alleged any redundant, immaterial, impertinent, or scandalous matters in her prayer for pre-judgment interest on medical expenses actually paid when Plaintiff Thompson, has allegedly failed to reference the medical expenses that prompted the pre-judgment interest in her Amended Complaint.

## DISCUSSION

**A. Motion to Dismiss, or, in the Alternative, Motion to Strike Counts I & II—Negligence and Violation of Nursing Home Residents' Rights on the Ground that Various Allegations Therein Did Not Cause the Death of the Decedent**

Prior to the most recent amendments to Fla. Stat. § 400.023, it remained unclear as to whether a plaintiff could recover for defined resident rights created by Fla. Stat. § 400.022 under common-law negligence and statutory claims pursuant to Fla. Stat. § 400.023 unless the violation of a specific resident right caused the resident's death. Before its amendment, the statute read, in pertinent part, as follows: "Any resident whose rights as specified in [Fla. Stat. § 400.022] are deprived or infringed upon shall have a cause of action

against any licensee responsible for the violation. The action may be brought by...the personal representative of the estate of a deceased resident *when the cause of death resulted from the deprivation or infringement of the decedent's rights*. The action may be brought in any court of competent jurisdiction to enforce such rights and to recover actual and punitive damages for *any deprivation or infringement on the rights of the resident.*" Fla. Stat. § 400.023 (1997).

Considering the conflicting italicized portions of the aforementioned statute, it is of no surprise to this Court that the Florida courts have had difficulty interpreting its meaning. In 1997, the Fourth District Court of Appeal held that Fla. Stat. § 400.023 permits a personal representative to bring a claim for damages arising out of violations of Fla. Stat. § 400.022 regardless of whether the violations caused the resident's death. *Greenfield v. Manor Care, Inc.,* 705 So.2d 926 (Fla. 4th DCA 1997), *appeal dismissed,* 717 So.2d 534 (Fla.1998). However, the rule announced in that case was overturned by the same court just three years later, when the court held that Fla. Stat. § 400.023 "unambiguously provides that a personal representative may bring an action against [a] nursing home for a violation of the Patient's Bill of Rights only when the deprivation or infringement of the resident's rights cause the patient's death." *Beverly Enterprises Florida, Inc. v. Knowles,* 766 So.2d 335, 336 (Fla. 4th DCA 2000).

Subsequently, the same court certified the following question "of great public importance to the Florida Supreme Court: May a personal representative bring a statutory cause of action under Section 400.023(1), Florida Statutes (1997), on behalf of a deceased resident of a nursing home for alleged infringements of the resi-

dent's statutory rights provided by Section 400.022, Florida Statutes (1997), when the infringement has not caused the resident's death?" *Beverly Enterprises–Florida, Inc. v. Knowles,* 763 So.2d 1285, 1285.(Fla. 4th DCA 2000). While the Florida Supreme Court has yet to announce its decision, it has granted review. *Knowles v. Beverly Enterprises–Florida, Inc.,* 789 So.2d 346 (Fla.2001).

Nonetheless, Fla. Stat. § 400.023 underwent significant alteration during the First Regular Session of Florida's Seventeenth Legislature. The current version of Fla. Stat. § 400.023(1) reads, in pertinent part, as follows: "Any resident whose rights as specified in [§ 400.022 of the Florida Statutes] are violated shall have a cause of action. The action may be brought by…the personal representative of the estate of the deceased resident *regardless of the cause of death. If the action alleges a claim for the resident's rights or for negligence that caused the death of the resident,* the claimant shall be required to elect either survival damages pursuant to s. 46.021 or wrongful death damages pursuant to s. 768.21. *If the action alleges a claim for the resident's rights or for negligence that did not cause the death of the resident,* the personal representative of the estate may recover damages for the negligence that caused injury to the resident."

In Counts I and II of Plaintiff Thompson's Amended Complaint, she alleges that the Defendant Kindred, violated several residents' rights as defined by § 400.022 of the Florida Statutes, which established the grounds for both her negligence claim and her statutory claim for violation of residents' rights. [Docket No. 7]. Arguably, some of those allegations caused death to Lois Snellenberger, while others caused only injury to Lois Snellenberger. For instance, Plaintiff Thompson,

alleged that Defendant Kindred, "[failed] to prevent the development of skin breakdown and provide proper wound care." [Docket No. 7 ¶ 8(*k*) ]. Conversely, Plaintiff Thompson, alleged that Defendant Kindred, "[failed] to treat LOIS SNELLENBERGER courteously, fairly, and with the fullest measure of dignity." [Docket No. 7 ¶ 8(*l*) ]. Consequently, pursuant to the revised version of Fla. Stat. § 400.023(1), Plaintiff Thompson, is "required to elect either survival damages pursuant to s. 46.021 or wrongful death damages pursuant to s. 768.21" for the skin breakdown allegation, while she may "recover damages for the negligence that caused injury" to Lois Snellenberger for the dignity in treatment allegation.

Plaintiff Thompson's Amended Complaint complied with these requirements in both Counts. Plaintiff Thompson, alleges that those violations of residents' rights that caused Lois Snellenberger's death "survive [her] death…pursuant to Fla. Stat. § 46.021." [Docket No. 7 ¶ 10]. Plaintiff Thompson also seeks recovery of damages for the negligence that caused injury to Lois Snellenberger for those allegations of violations of residents' rights or negligence that did not cause Lois Snellenberger's death. [Docket No. 7]. Therefore, Defendant Kindred's argument is without merit. Indeed, Defendant Kindred's argument is elementary at best, for Defendant argues that the following allegations made in Plaintiff's Amended Complaint "could not have possibly caused the death of the resident[:]" [Docket No. 10 ¶ 4] "[failure to provide] adequate and appropriate health care and protective and support services consistent with the resident care plan and with established and recognized practice standards within the community [Docket No. 7 ¶ 5(*a*) ]; [failure to complete] a comprehensive resident assessment and a preliminary and a comprehensive resident

care plan, with ongoing evaluation and update [Docket No. 7 ¶5(f)]; [f]ailure to keep LOIS SNELLENBERGER's physician informed of condition changes [Docket No. 7 ¶20(f)];" et cetera.

In light of the applicable standard for both Defendant's motion to dismiss and motion to strike, this Court "must accept the truthfulness of well-pleaded facts" and this Court does not have difficulty accepting the truth of Plaintiff Thompson's allegation that failing to inform a nursing home resident's physician of any changes in her condition may lead to her death. *Warth v. Seldin*, 422 U.S. at 501, 95 S.Ct. 2197; *Carlson Corp./Southeast v. School Board Of Seminole County, Fla.*, 778 F.Supp. 518. Consequently, Plaintiff Thompson's claims for both negligence and violation of nursing home residents' rights survives Defendant Kindred's Motion to Dismiss and because of the newly amended language of § 400.023(1), delineating that even those violations of resident's rights that has not caused death are not redundant, immaterial, impertinent, or scandalous matters, but are also subject to suit, it also survives Defendant Kindred's Motion to Strike.

Moreover, Plaintiff Thompson has satisfied her pleading requirements, pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, with respect to the elements for both Counts I and II so as to overcome both a 12(b)(6) motion to dismiss and a 12(f) motion to strike. "In any claim brought pursuant to this part alleging a violation of resident's rights or negligence causing injury to or the death of the resident, the claimant shall have the burden of proving, by a preponderance of the evidence, that: (a) The defendant owed a duty to the resident; (b) The defendant breached that duty to the resident; (c) The breach of that duty is the legal cause of loss, injury, death, or damage to the resi-

dent; and (d). The resident sustained loss, injury, death, or damage as a result of the breach." Fla. Stat. § 400.023(2) (2001).

Under Count I for negligence, Plaintiff alleges the following: (a) Defendant Kindred, owed Lois Snellenberger a duty of reasonable care and a duty to provide her with the rights enumerated in Fla. Stat. § 400.022 [Docket No. 7 ¶ 4, 5(a)-(i)]; (b) Defendant Kindred, "breached that duty of care it owed" to Lois Snellenberger by several acts and omissions [Docket No. 7 ¶ 8(a)-(l)]; (c) The damages suffered by Lois Snellenberger are the "direct and proximate result of [Defendant's] negligence" [Docket No. 7 ¶ 9]; and (d) Lois Snellenberger "suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a preexisting condition" [Docket No. 7 ¶ 9]. Therefore, Plaintiff Thompson has sufficiently alleged a cause of action for negligence.

While Count II, a statutory claim for violation of residents' rights, is also governed by a negligence standard, "[a] violation of the rights set forth in s. 400.022...shall be evidence of negligence but shall not be considered negligence per se." Fla. Stat. § 400.023(2)(d) (2001). Therefore, if a plaintiff proves that the defendant violated "any right contained in s. 400.022," the plaintiff will have successfully proffered evidence of the defendant's negligence. See: *Senate Staff Analysis and Economic Impact Statement*, Bill CS/CS/SB 1202 (2001), Judiciary Committee, Health, Aging and Long–Term Care Committee and Senator Brown–Waite, p. 7.

Under Count II of Plaintiff Thompson's Amended Complaint, she alleges the following: (a) Defendant, as operator of Carrollwood Care Center, "assumed the

obligation to treat each of its residents [including Lois Snellenberger] in accordance with the provisions" of Fla. Stat. § 400.022 [Docket No. 7 ¶ 14, 15, 17]; (b) Defendant Kindred, breached that duty or obligation by depriving Lois Snellenberger of her "statutorily mandated nursing home residents' rights...by the acts of omissions of [D]efendant" [Docket No. 7 ¶ 20]; (c) The damages suffered by Lois Snellenberger are the "direct and proximate result of [Defendant's] violations of the rights of LOIS SNELLENBERGER" [Docket No. 7 ¶ 21]; and (d) Lois Snellenberger "suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical, nursing care and treatment, and death" [Docket No. 7 ¶ 21]. Therefore, Plaintiff Thompson, has sufficiently alleged a cause of action for a violation of residents' rights pursuant to Fla. Stat. § 400.023.

Accordingly, Defendant Kindred's Motion to Dismiss, or, in the Alternative, Motion to Strike Counts I and II of Plaintiff Thompson's Amended Complaint on the ground that various allegations therein did not cause the death of the decedent is **denied.**

### B. Motion to Dismiss, or, in the Alternative, Motion to Strike Counts I & II—Negligence and Violation of Nursing Home Residents' Rights on the Ground that Plaintiff Failed to Comply with the Pre–Suit Requirements of Fla. Stat. § 766.106 and § 400.023

#### 1. Pre–Suit Requirements of Fla. Stat. § 766.106

A recent amendment to § 400.023 of the Florida Statutes, which is current through the end of the 2001 regular session and governs the civil enforcement of nursing home residents' rights, has clarified the instant issue. Section 400.023(1) provides that an "action may be brought in any court of competent jurisdiction to enforce [residents' rights contained in § 400.022 of the Florida Statutes] and to recover actual and punitive damages for any violation of the rights of a resident or for negligence." As such, § 400.023 governs both statutory claims and common-law claims for negligence. Section 400.023(1) further states: "The provisions of chapter 766 do not apply to any cause of action brought under ss. 400.023–400.0238." Hence, the legislative intent appears unambiguous that the pre-suit requirements of chapter 766, governing medical malpractice actions, is inapplicable to both statutory and common-law claims of negligence brought under § 400.023 of the Florida Statutes.

Nonetheless, this issue prompted a great deal of litigation within the Florida courts prior to the amendment. Indeed, the Court of Appeals for the Second District of Florida recently certified the following question to the Florida Supreme Court as one of "great public importance: If a plaintiff files a lawsuit seeking to enforce only those rights enumerated in Section 400.022, must the plaintiff comply with the presuit conditions in Section 766.106." *Integrated Health Care Services Inc. v. Lang–Redway,* 783 So.2d 1108, 1111–1112 (Fla. 2d DCA 2001). While the Florida Supreme Court has yet to issue its opinion, it appears that the Florida legislature settled the dilemma by way of its recent amendment to § 400.023 of the Florida Statutes.

Accordingly, Defendant Kindred's Motion to Dismiss, or, in the Alternative, Motion to Strike Counts I and II of Plaintiff Thompson's Amended Complaint on the ground that Plaintiff failed to comply with the pre-suit requirements of Fla. Stat. § 766.106 is **denied.**

2. Pre–Suit Requirements of Fla. Stat. § 400.023

 State procedural rules are trumped by the Federal Rules of Civil Procedure in diversity actions. *Braddock v. Orlando Regional Health Care System, Inc.*, 881 F.Supp. 580, 582 (M.D.Fla.1995) (citing *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 1144, 14 L.Ed.2d 8 (1965)); See also: *Cohen v. Office Depot, Inc.*, 184 F.3d 1292 (11th Cir.1999), vacated on other grounds by 204 F.3d 1069 (11th Cir.2000) (holding that Fla. Stat. § 768.72, requiring an evidentiary showing before pleading entitlement to punitive damages, was inconsistent with Fed.R.Civ.P. 8 and therefore, inapplicable in a diversity action). Indeed, "where states have created specialized hurdles for filing particular causes of action, as Florida has with regard to medical malpractice suits, the Eleventh Circuit has consistently favored the federal rules." *Braddock v. Orlando Regional Health Care System, Inc.*, 881 F.Supp. at 583–584; See also: *Brown v. Nichols*, 8 F.3d 770, 773 (11th Cir.1993) and *Lundgren v. McDaniel*, 814 F.2d 600 (11th Cir.1987). Rule 8(a) of the Federal Rules of Civil Procedure merely requires a complaint or amended complaint to set out a "short and plain statement" establishing jurisdiction, showing that the pleader is entitled to relief, and demanding that relief.

 Plaintiff Thompson, has satisfied these liberal notice-pleading provisions. [Docket No. 7]. Plaintiff Thompson, set out a short and plain statement establishing jurisdiction by stating: "Plaintiff is a citizen of the State of Florida and Defendant is a corporation incorporated under the law of the State of Kentucky and having its principal place of business in a State other than the State of Florida. The matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars." [Docket No. 7 ¶ 1].

Further, Plaintiff Thompson, set out a short and plain statement showing that she is entitled to relief by stating, "Lois Snellenberger was a resident of Carrollwood Care Center...[and] was deprived of...her statutorily mandated nursing home residents' rights as set out in Fla. Stat. § 400.022...by acts or omissions of defendant[.]" [Docket No. 7 ¶ 17, 20]. Finally, Plaintiff Thompson, set out a short and plain statement demanding relief by stating, "Plaintiff demands judgment for compensatory and punitive damages against defendant KINDRED in excess of $75,000.00, together with costs, prejudgment interest on medical expenses actually paid, attorneys' fees pursuant to Fla. Stat. § 400.023, and such other and further relief as this court may deem proper." [Docket No. 7].

Even if this Court applied the pre-suit requirements applicable to claims under Fla. Stat. § 400.023 to the instant case, the result would remain constant. Chapter 400 of the Florida Statutes was recently amended to alter the pre-suit requirements for both statutory and common-law negligence claims arising out of a violation of residents' rights pursuant to Fla. Stat. § 400.023. Prior to the amendment, § 400.023(4) read as follows:

Claimants alleging a deprivation or infringement of adequate and appropriate health care pursuant to s. 400.022(1)(k) which resulted in personal injury to or the death of a resident shall conduct an investigation which shall include a review by a licensed physician or registered nurse familiar with the standard of nursing care for nursing home residents pursuant to this part. Any complaint alleging such a deprivation or infringement shall be accompanied by a verified statement from the reviewer that there exists reason to believe that a deprivation or infringement occurred during the

resident's stay at the nursing home. Such opinion shall be based on records or other information available at the time that suit is filed. 2001 Fla. Sess. Law Serv. Ch.2001–45 (2001).

Indeed, Plaintiff Thompson, complied with this pre-suit requirement in her original state court complaint. [Docket No. 3]. Therein, Plaintiff Thompson, attached an Affidavit of Katherine E. Hunter, R.N., where Ms. Hunter swore that she is a duly licensed R.N. in the state of Florida familiar with the standard of nursing care for nursing home residents pursuant to Chapter 400 of the Florida Statutes. [Docket No. 3 ¶ 1, 2, 4]. Further, Ms. Hunter stated that she reviewed Lois Snellenberger's medical records and determined that there were "reasonable grounds to believe the nurses at Carrollwood Care Center committed medical negligence and that such medical negligence caused injury to Lois Snellenberger" and that "Lois Snellenberger suffered the [injuries] due to a deviation from the standard of nursing care which is considered adequate and appropriate on the part of skilled nursing facilities." [Docket No. 3 ¶ 5, 11].

However, the Florida legislature deleted this pre-suit requirement in § 400.023 and substituted it for a more liberal notice provision contained in § 400.0233(2) of the Florida Statutes. 2001 Fla. Sess. Law Serv. Ch.2001–45 (2001). The new provision requires the following:

> Prior to filing a claim for a violation of a resident's rights or a claim for negligence, a claimant alleging injury to or the death of a resident shall notify each prospective defendant by certified mail, return receipt requested, of an asserted violation of a resident's rights provided in s. 400.022 or derivation from the standard of care. Such notification shall include an identification of the rights of the prospective defendant has violated

and the negligence alleged to have caused the incident or incidents and a brief description of the injuries sustained by the resident which are reasonably identifiable at the time of notice. The notice shall contain a certification of counsel that counsel's reasonable investigation gave rise to a good-faith belief that grounds exist for an action against each prospective defendant. 2001 Fla. Sess. Law Serv. Ch.2001–45 (2001).

While this notice provision is certainly more aligned with the liberal notice provisions of the Federal Rules of Civil Procedure, the portion requiring that the pleader notify each prospective defendant of the asserted violation of a resident's right or derivation from the standard of care by way of certified mail prior to filing a complaint for a violation of residents' rights or for negligence still directly conflicts with Fed.R.Civ.P. 8(a). Rule 8(a) essentially commands that a defendant's receipt of "[a] pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claims needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks" is sufficient notice of a pending action.

Pursuant to the United States Supreme Court's guiding principal of applicable law for diversity suits announced in *Hanna,* when the state law at issue directly conflicts with a Federal Rule of Civil Procedure, "the court is instructed to apply the Federal rule." *Hanna v. Plumer,* 85 S.Ct. at 1144. Indeed, even if the pre-suit requirements of Fla. Stat. § 400.0233(2)

were characterized as substantive in nature, rather than procedural, they would be trumped by the Federal Rules of Civil Procedure. *Cohen v. Office Depot*, 184 F.3d at 1296 (finding that "if the state law conflicts with a federal procedural rule, then the state law is procedural for *Erie/Hanna* purposes regardless of how it may be characterized for other purposes.").

Still, the overall intent of the Florida legislature in requiring the pre-suit conditions in Fla. Stat. § 400.0233(2), the thrust of which appears to be a desire for a reasonable investigation giving rise to a good-faith belief that grounds exist for the claim so as to avoid frivolous lawsuits, has been satisfied by Plaintiff Thompson. See: *Senate Staff Analysis and Economic Impact Statement*, Bill CS/CS/SB 1202 (2001):

> [L]awsuits against nursing homes are growing nationwide and, in Florida, growing at a disproportionate rate compared to the rest of the country. The purported cause of these suits is reported to be Florida's unique statutory scheme of liability which combines a broad residents' rights civil liability cause of action combined with unlimited compensatory and punitive damages, combined with the lure of add-on attorney's fees. The long-term care industry perspective is that this has created an atmosphere in which nursing homes are an easy and lucrative target for litigation, and that conditions produced by the normal process of aging and frailty at the end of life are responsible for a substantial portion of the lawsuits. [Therefore,] claimants are required to conduct an investigation which includes a review of the case by a physician or registered nurse familiar with the standards of care for nursing home residents, and a statement that the depriva-

tion of the right occurred during the resident's stay in the nursing home. Judiciary Committee, Health, Aging and Long–Term Care Committee and Senator Brown–Waite, p. 2–3. Rule 11(b) of the Federal Rules of Civil Procedure, governing Representations to the Court, provides:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after reasonable inquiry under the circumstances,—(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Plaintiff Thompson, by signing and submitting an Amended Complaint in the United States District Court for the Middle District of Florida, Tampa Division, has certified that the instant suit is not being presented for any improper purpose, is warranted by existing law, and has evidentiary support. [Docket No. 7].

Moreover, Rule 9(c) of the Federal Rules of Civil Procedure provides in relevant part: "In pleading the performance or occurrence of conditions precedent, [such as the pre-suit requirements at issue in the instant case] it is sufficient to aver generally that all conditions precedent

have been performed or have occurred." Plaintiff Thompson, averred in both counts of her Amended Complaint that "[a]ll conditions precedent to the filing of this action have been satisfied or have occurred." [Docket No. 7 ¶¶ 7, 19]. Plaintiff's general aversion of compliance with all conditions precedent must be taken as true at this stage of the present suit. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

Accordingly, Defendant Kindred's Motion to Dismiss, or, in the Alternative, Motion to Strike Counts I and II of Plaintiff Thompson's Amended Complaint on the ground that Plaintiff failed to comply with the pre-suit requirements of Fla. Stat. § 400.023 is **denied**.

### C. Motion to Strike Pre–Judgment Interest on the Ground that Plaintiff Failed to Reference the Medical Expenses that Prompted the Pre–Judgment Interest

Rule 12(f) of the Federal Rules of Civil Procedure reads as follows: "Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Defendant Kindred moves to "strike references to pre-judgment interest [in Plaintiff's Amended Complaint] as there has been no allegation as to medical expenses specifically related to allegations against the Defendant." [Docket No. 10 ¶ 8].

Because the Defendant Kindred failed to comply with Local Rule 3.01(a) of the United States District Court for the Middle District of Florida, which requires the moving party to submit a brief or legal memorandum with citation to authorities in support of the relief requested, the Court must presume that it is Defendant's position that Plaintiff's request for prejudgment interest, without alleging its medical expenses with particularity, is immaterial. To the contrary, the "purpose of pleading under the federal rules is to give notice rather than to provide those details of the issues and evidence which would eventuate at trial. The latter objective is pursued through discovery." *Bazal v. Belford Trucking Co., Inc.*, 442 F.Supp. 1089, 1102 (S.D.Fla.1977).

■■■ Even if the less liberal pleading requirements of the Florida courts were applicable in the instant case, the result would remain constant. In *Bazal,* the United States District Court for the Southern District of Florida recognized the following: "Under Florida law, special or consequential damages that is, damages which do not necessarily result from the injury complained of or which the law does not imply as the result of that injury must be particularly specified in the plaintiff's pleading. This requirement has been construed by the Florida courts to mean that a claim for special damages is sufficiently pleaded to withstand a motion to strike if it notifies the defendant of the nature of the special damages claimed." *Bazal v. Belford Trucking Co., Inc.*, 442 F.Supp. at 1100 (citing in part *Augustine v. Southern Bell Telephone & Telegraph Co.*, 91 So.2d 320, 323 (Fla.1956)). The *Bazal* plaintiff alleged that he sought recovery for "emotional distress suffered." *Id.* The court found that even though the plaintiff did not allege the minutiae underlying the emotional distress, the plaintiff's complaint sufficiently alerted the "defendants to the nature of the special damages claimed that 'nature' being 'emotional distress.' " *Id.* Accordingly, the court denied the defen-

dants' motion to strike the plaintiff's allegation of emotional distress damages. *Id.*

It is true that § 400.023 of the Florida Statutes, pertaining to civil enforcement of nursing home residents' rights, does not specifically list pre-judgment interest as an available remedy. Consequently, such a remedy may be deemed a special or consequential damage, requiring that it be "particularly specified in the plaintiff's pleading." *Bazal v. Belford Trucking Co., Inc.,* 442 F.Supp. at 1100. Plaintiff Thompson, alleged "prejudgment interest on medical expenses actually paid[.]" [Docket No. 7]. Under the guidance offered by the Florida Supreme Court, namely, that "a claim for special damages is sufficiently pleaded to withstand a motion to strike if it notifies the defendant of the nature of the special damages claimed[,]" and the *Bazal* reasoning, that even though Plaintiff Thompson, did not allege the minutiae underlying her claim for prejudgment interest, her complaint sufficiently alerted Defendant Kindred, to the nature of the special damages claimed, that "nature" being "pre-judgment interest on medical expenses actually paid." *Augustine v. Southern Bell Telephone & Telegraph Co.,* 91 So.2d at 323; *Bazal v. Belford Trucking Co., Inc.,* 442 F.Supp. at 1100. Accordingly, it is

**ORDERED** that the Motion to Dismiss [Docket No. 10] be **denied** and the Defendant **shall have** ten (10) days from this date to answer the amended complaint.